OPINION OF THE COURT
Ascher Katz, J.
Defendant was issued two simplified traffic informations charging her with violating subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law, for driving while intoxicated, misdemeanors. Defendant moves to dismiss both infor *731 mations on the grounds that they are defective under CPL 170.30 for not having been verified in compliance with CPL 100.15 and 100.30.
The simplified traffic informations were verified in the lower left hand side by the arresting officer as follows:
I OBSERVED BY — RADAR—THE VEHICLE DESCRIBED HEREIN
Proceeding at_m.p.h.
(Signed) Michael annicchiarico Officer’s Signature
AFFIRMED UNDER PENALTY OF PERJURY SEVERALLY SWORN TO BEFORE ME
this_day of_19_
(Name and Title)
The verification form is substantially similar to the forms prescribed under the regulations of the Commissioner of Motor Vehicles. The officer here signed above the words "Affirmed under penalties of perjury”, instead of below these words.
The precise issue before this court is whether or not this signature above these words renders the information defective and divests the court of jurisdiction.
A criminal action can be commenced in a local criminal court by the filing of a local criminal court accusatory instrument including "[a] simplified traffic information”. (CPL 100.05, subd 2.)
A simplified trafile information is defined in CPL 100.10 (subd 2) as a: "written accusation by a police officer * * * filed with a local criminal court, which charges a person with the commission of one or more traffic infractions and/or misdemeanors relating to trafile, and which, being in a brief or simplified form prescribed by the commissioner of motor vehicles, designates the offense or offenses charged but contains no factual allegations of an evidentiary nature supporting such charge or charges. It serves as a basis for commencement of a criminal action for such traffic offenses, alternative to the charging thereof by a regular information, and, under circum *732 stances prescribed in section 100.25, it may serve, either in whole or in part, as a basis for prosecution of such charges.”
CPL 100.25 provides that a simplified trafile information must be substantially in the form prescribed by the Commissioner of Motor Vehicles pursuant to section 207 of the Vehicle and Traffic Law. CPL 100.25 (subd 2) also provides that a defendant arraigned upon a simplified traffic information is entitled as a matter of right to have a supporting deposition containing allegations of fact based either upon personal knowledge or upon information and belief and upon such request the court must order a police officer to file such a supporting deposition and to serve a copy upon the defendant. Defendant has not in this case demanded any supporting deposition.
The Rules and Regulations of the Commissioner of Motor Vehicles 91.7 (b) (3) (15 NYCRR) set forth in footnote 3 the following:
"The question of whether a single or multiple form of verification or affirmation is used is lqft to the option of the police agency. If a single verification is used, the following form is suggested:
Sworn to before me this_day of_ 19_
(Name and Title)
"If a multiple verification form is to be used, the following format is suggested:
I observed by radar the vehicle described herein proceeding at _m.p.h.
(Officer’s Signature)
Severally sworn to before me this_day of_ 19_
(Name and Title)
*733 "If affirmation, rather than verification, is used, the following format should be used:
AFFIRMED UNDER PENALTY OF PERJURY
"It will be permissible to print both a verification format and the affirmation format on the same simplified traffic information. In such case, the complaining officer should cross out the inapplicable wording before filing the simplified traffic information with the court.”
It appears that the arresting officer in the case at bar struck out the words "by radar” so that his statement, in effect reads "I observed the vehicle described herein * * * proceeding at __ m.p.h.” and then his signature appears above the words "affirmed under penalties of perjury.”
CPLR 2309 (subd [b]) provides as follows: "(b) Form. An oath or affirmation shall be administered in a form calculated to awaken the conscience and impress the mind of the person taking it in accordance with his religious or ethical beliefs.” Section 210 of the Penal Law provides in part as follows: "§ 210.00 Perjury and related offenses; definition of terms "The following definitions are applicable to this Article:
"1. 'Oath’ includes an affirmation and every other mode authorized by law of attesting to the truth of that which is stated.”
The test of a statement of facts under oath as to its sufficiency is "whether it has been drawn in such a manner that it might be the basis of a charge of perjury if any material allegation contained therein is false. The affiant is held to strict accountability for the truth and accuracy of the contents of his affidavit.” (2 NY Jur, Affidavit, Oath and Affirmation, § 6.)
In People v Grier (42 AD2d 803) a verdict convicting the defendant of 12 counts of perjury in the third degree was reversed on the grounds that the notary, who was also a practicing attorney, testified that although defendant signed the subject statement and said it was the truth, the notary did not swear the defendant in, did not tell the defendant that she, the attorney, was a notary public or that he, the defendant, was under oath and she did not ask him if he swore to *734 the truth of that which she signed or was about to sign. The Appellate Division stated (p 803): "To make a valid oath, for the falsity of which perjury will lie, there must be in some form, in the presence of an officer authorized to administer it, an unequivocal and present act, by which the affiant consciously takes upon himself the obligation of an oath, such form being essential to distinguish between an oath and a bare assertion and more being required than a mere intention unaccompanied by an unambiguous act. (Bookman v. City of New York, 200 N.Y. 53, 56; O’Reilly v. People, 86 N.Y. 154; 2 N.Y. Jur., Affidavit, Oath and Affirmation, § 4, pp. 170-171; see CPLR 2309, subd. [b]). The jurat is simply evidence of the fact that the oath was properly taken before a duly authorized officer, it being no part of the oath nor conclusive evidence of its due administration, and it may be attacked and shown to be false. (People ex rel. 5th Ave. and 37th St. Corp. v. Miller [Consol. Proceedings], 261 App. Div. 550, 552, affd. 286 N.Y. 628).” (Emphasis supplied.)
The Court of Appeals has squarely held that the absence of the verified information is a jurisdictional defect. (People v Scott, 3 NY2d 148.) The court stated (p 153):
"If in a case involving a misdemeanor a mere unverified summons is to be the equivalent of an information, then any unverified paper could be treated likewise. This would be a dangerous practice, for there are countless misdemeanors for which a defendant may be punished by imprisonment for a year plus a fine of $500 (Penal Law, § 1937), not to speak of additional penalties, such as loss or suspension of a license to drive an automobile, to practice one’s profession or to engage in a licensed business..
"The requirement that a prosecution for misdemeanor be based upon a sworn information (unless, of course, made by a District Attorney) is an essential guarantee to a defendant of a fundamental right, namely, that he be not punished for a crime without a formal and sufficient accusation, and this right may not be waived by a plea of guilty (Albrecht v United States, 273 U.S. 1, 8, supra; Weeks v. United States, 216 F. 292, 293, supra; People ex rel. Battista v. Christian, 249 N.Y. 314, 318). 'Forms and procedure still have their place and purpose in the administration of the law; without them we would have chaos’ (People v. Zambounis, 251 N.Y. 94, 97).”
In People v Hamm (9 NY2d 5), the Court of Appeals held *735 that a conviction for the offense of disorderly conduct must also be predicated upon a sworn information.
It is clear that in order for this court to have jurisdiction over the crime charged, there must be a written, sworn information presented to the accused. (People v Jacoby, 304 NY 33; People v Ragusa, 44 Misc 2d 940; People v Clark, 59 Misc 2d 714; People ex rel. Davis v Sheriff, 3 Misc 2d 231; People v Hailing, 203 Misc 428.)
The case at bar is distinguishable from the situation where a full-fledged misdemeanor complaint is signed by an officer with a prominent form notice advising the officer of his criminal liability pursuant to section 210.45 of the Penal Law. Such a notice usually spells out the fact that a misstatement of any material fact in the instrument is a class A misdemeanor punishable under section 210.45 of the Penal Law. It has been held that such a subscription of a complaint by a police officer does not render the verification of the information defective so long as the signature is at the conclusion of the statement being verified even where the form notice under section 210.45 of the Penal Law follows the signature. (See People v Coldiron, 79 Misc 2d 338.)
However, the format of the uniform traffic information in the case at bar is, simply stated, confusing. Clearly, the officer has indicated that he observed the vehicle traveling at some undisclosed number of miles per hour. Clearly, the officer has indicated that he did not observe the vehicle with any radar influence as he would have had there been a speed infraction. Clearly, the words "Sworn to before me this _ day of —, 19_” appearing beneath the officer’s signature have no meaning; there is clearly no indication of any swearing before any party. The words "Affirmed under penalty of perjury”, likewise appearing beneath the signature, could be as equivocal as the unfilled-in "Sworn to before me, etc.” It would seem that, at best, the face of the subject ticket is confusing and does not perform a minimal function of unequivocally furnishing a statement under oath. This court is of the opinion that the words "Affirmed under penalty of perjury” following, the signature of the subscribing witness herein are not sufficiently broad, nor do they spell out the sanction in a manner to "awaken the conscience and impress the mind” (CPLR 2309, subd [b]) of the subscriber. The subscriber must sign below such language and clearly indicate that he had so affirmed this material. (Cf. People v Coldiron, supra, p 639.) Upon this *736 record the multiple positions for signatures of a subscribing officer and of an officer administering the oath are much too confusing to be the basis for an oath, or the predicate for a charge of perjury, should an untrue statement be contained in such a subscribed statement.
There are simplified traffic informations, such as the Westchester County Parkway Police where the subscription appears after "Affirmed Under Penalty of Perjury” and the check mark is placed thereat which leave no doubt as to the meaning of the affiant and the New York State Police Simplified Traffic Information where the form is simply "Affirmed Under Penalty of Perjury” and the arresting officer’s signature appears directly beneath the same.
For the foregoing considerations and in the exercise of discretion this court grants defendant’s motion to dismiss the information on the grounds that same was defective for not being properly verified. Had the complaining officer signed the information herein beneath the words "Affirmed under penalty of perjury” and had struck out the inapplicable portions of the printed form, the information would have been properly verified and the information jurisdictionally sound.
Since this dismissal is not on the merits, the People may proceed anew under a proper information.
In view of the foregoing it is unnecessary to determine the motion for discovery and for other relief.