No. 88-489

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

THOMAS SHEEHY,

        Petitioner and Appellant,

-vs-

JENNY LEE FERDA, Clerk & Recorder,
Chouteau County, Montana,

        Respondent and Respondent.

---

APPEAL FROM: District Court of the Twelfth Judicial District,
In and for the County of Chouteau,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Douglas J. Wold argued, Polson, Montana

    For Respondent:

        Tracy Axelberg argued; Jardine, Stephenson, Blewett
        & Weaver, Great Falls, Montana

    For Amicus Curiae:

        Donald A Ranstrom, President, Montana County Attorneys
        Assoc., Chinook, Montana

---

Submitted: October 14, 1988

Decided: December 2, 1988

Filed: '88 DEC 2 PM 2 59

FILED

CLERK MONTANA SUPREME COURT

_Edwin M. Harrison_

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The author of this Opinion is not related to Thomas Sheehy, the County Attorney of Chouteau County, by blood or marriage and no personal acquaintanceship exists. If a blood or marriage relationship between the author and Thomas Sheehy existed, this author would be precluded from any participation in the cause by reason of our rule and statute on disqualification, adopted on September 13, 1988 (see, Advance Sheet, Vol. 42, 759 P.2d No. 3, § 3-1-803(2), MCA, as follows):

> Any justice . . . must not sit or act in any action or proceeding:
>
> . . .
>
> (2) When he is related to either party or any attorney or member of a firm of attorneys for a party by consanguinity or affinity within the fourth degree, computed according to the rules of law.

Therefore, the author is not disqualified in this case.

Thomas J. Sheehy is the duly elected, qualified and acting county attorney of Chouteau County, Montana. He filed an action in the District Court, Twelfth Judicial District, Chouteau County, for a writ of prohibition, injunction or declaratory relief to stop the submission to the electors at the November 8 general election the question of his recall from office. Sheehy's petition was denied on September 27, 1988, by the District Court. He appealed to this Court, and after oral argument in the cause, we entered an Order on October 14, 1988, restraining and enjoining the respondent Jenny Lee Ferda, as County Clerk and Recorder of Chouteau County, Montana, and as the Election Administrator of that

county, her agents, employees, appointees, and all persons acting by or through her from submitting the proposed recall of Thomas Sheehy to the electors of Chouteau County at the general election to be held on November 8, 1988, to the extent that the same had not then been submitted; and from counting the results of any vote on said recall; and from canvassing or entering upon any records of county or state any purported results of said recall election. The order was issued for reasons of expediency, and this Opinion is intended to supplement and support the issuance of that Order.

It should be understood that Jenny Lee Ferda is the nominal defendant in this case by virtue of her being the incumbent Chouteau County Clerk and Recorder and Election Administrator. She has no official interest in the outcome of this action, except as to the impact it may have upon her duties of office.

The petition to recall Sheehy from his office as county attorney is based upon alleged incompetence in office. The principal issue is whether the allegations of fact upon which the claim of incompetence is based are patently and demonstrably false. Petitioner contends that the allegations of fact are false, and that he is entitled to a writ of prohibition against the recall election. We proceed to examine the issues of fact set forth in the recall petition to determine their patent truth or falsity. Depending upon whether the allegations are patently true or false, we can then proceed to determine the form that relief in the cause should take, if any.

The Montana Recall Act was adopted as an initiative measure by the electors at the general election on November 2, 1976. Parts of the Act were amended by the legislature in

1979. Insofar as pertinent to this case, the grounds for recall are set forth in § 2-16-603, MCA. It provides:

> (1) Every person holding a public office of the state or any of its political subdivisions, either by election or appointment, is subject to recall from such office.
>
> . . .
>
> (3) Physical or mental lack of fitness, incompetence, violation of his oath of office, official misconduct, or conviction of a felony offense enumerated in Title 45 is the only basis for recall. No person may be recalled for performing a mandatory duty of the office he holds or for not performing any act that, if performed, would subject him to prosecution for official misconduct.

It is the law that when a petition for recall of an elected public officer is circulated, the petition form must be accompanied by a written statement containing the reasons for the desired recall as stated in the petition. In addition, the truth of purported facts contained in the statement must be sworn to by at least one of the petitioners before a person authorized to administer oaths. Section 2-16-617(4), MCA.

In this case, the petition was accompanied by an affidavit of W. F. Gertson, M.D., Chouteau County Health Officer (it is not clear whether Dr. Gertson signed the petition as county health officer, or used the term to describe himself as the signator). The affidavit of Dr. Gertson on which the petition is based, recited:

> To the Honorable Jenny Lee Ferda, County Election Administrator of Chouteau County.
>
> I believe Thomas Sheehy, Chouteau County Attorney, should be recalled because of:
>
> Incompetence in the prosecution of the Richard Kurth family case.

- 4 -

Growing marijuana is a major crime and it is common judicial practice to punish by arrest, jail, bail if posted, and recommendation of a fine or prison or both.

Plea Bargaining for the purpose of no prison term for some, short terms for others, no fines for anyone, and altered court dates that kept the public from attending is not in the best interest of justice.

This type of prosecution will only encourage more drug traffic, and other crimes in Chouteau County.

If the grower gets approximately 1/3 of the $5,000,000. street value, and it takes 58 days to mature a crop of marijuana; it would earn $1,650,000. a crop; if grown since documented in 1986, it means $18,777,000.00.  No money for fines??

This prosecution from the beginning was unfair to our county, state, and federal law enforcement people.  For this magnitude of a crime we needed federal attorneys to prosecute the case.  The County Attorney received an oral and written request for such.

I swear that the reasons for this recall contained in this petition are to the best of my knowledge true.

/s/  W.  F.  Gertson,  M.D.
Chouteau County Health
Officer

Subscribed and sworn before me a Notary Public for the State of Montana
Dated this 6th day of May, 1988

/s/ Debra McSweeney
(SEAL)                Notary Public

The stated grounds for the recall petition are incompetence.  Under § 2-16-617, MCA, the petition form had to be accompanied by a written statement containing the reasons for the desired recall.  The affidavit supporting the

petition is defective. Dr. Gertson swears not to facts within his knowledge, but to the "best" of his knowledge.

An affidavit is a written declaration, under oath, made without notice to the adverse party. Section 26-1-1001, MCA. While courts will uphold affidavits based upon the "best of the affiants knowledge," or upon information and belief in proper circumstances, here the intent of the legislature is clear: "the truth of purported facts contained in the [recall] statement must be sworn to by at least one of the petitioners" for recall. The allegations must be sworn to from the knowledge of the affiant and not from a lesser basis so that the electors, in voting on the recall petition can rely on the truth of the grounds set forth, as in this case, for the claimed incompetence. In People v. Lennox (1978), 405 N.Y.S.2d 581, it was held that the test of a statement of facts under oath as to its sufficiency is whether it has been drawn in such a manner that it might be the basis of a charge of perjury if any material allegation contained therein is false, as the affiant is held to strict accountability for the truth and accuracy of the contents of his affidavit. As long ago as 1923, Montana adopted a similar test holding that "one of the rules in testing the sufficiency of an affidavit to a mechanic's lien is whether perjury is assignable upon it." Gregg v. Sigurdson, et al. (1923), 67 Mont. 272, 277, 215 P. 662, 663.

In the light of the direction of the legislature that the "truth of the purported facts" should be sworn to by one of the petitioners an affidavit based only on the "best" of the affiant's knowledge is deficient.

The importance of a proper affidavit in this case is magnified by the patently false statements of fact or misconceptions contained in the affidavit on which the petition for recall is based. An added danger in this case

is that since Dr. Gertson signed the affidavit as the county health officer, the uninitiated elector might give credence to the statements on the assumption that a county officer knew whereof he spoke.

The Gertson affidavit recites that ". . . it is common judicial practice to punish by arrest, jail, bail if posted, and recommendation of a fine or prison or both." First, Sheehy, as a prosecutor, has no judicial function to perform. Secondly, it is not common judicial practice to punish a person arrested for crime by jail or providing bail. The purposes of commitment to jail or admission to bail do not presume the guilt or innocence of the charged defendant. To punish by means of bail or commitment to jail before a defendant's conviction would deprive him of his presumption of innocence and the right to confront witnesses before his conviction. There is no such "common judicial practice" and the statement is patently false.

The statement that "Plea Bargaining . . . is not in the best interest of justice" completely belies the fact that plea bargaining is a recognized part of federal and state criminal procedure. One may disagree with the concept of plea bargaining. Many judges and prosecutors do not agree with plea bargaining. It is, however, recognized as a tool that makes possible a quicker administration of burgeoning criminal cases. As far as we are aware, every judge in the state system in this state makes it clear that he or she is not bound by any plea bargain proposed to him or her in the disposition of criminal causes. Rule 410 of the Federal Rules of Evidence expressly recognizes that plea bargains are ongoing, and therefore no plea, offer to plea, plea discussions or related statements are admissible in any civil or criminal proceedings under the Federal Rules where the statements are made in the course of plea discussions between

an attorney and the prosecuting officer which do not result in a plea of guilty or which result in a plea of guilty later withdrawn. The evident intent of Rule 410 is to protect the plea bargain process.

Rule 410 of the Montana Rules of Evidence differs from the federal provision but the result is the same: evidence of a plea of guilty, later withdrawn, or statements made in connection with any offer to plead guilty to the crime charged or any other crime is not admissible in any civil or criminal action or proceeding against the party who made the plea or offer. What these rules of evidence tell us is that plea bargaining is a fact of life and that to encourage plea bargaining, statements made in connection therewith are not admissible in any civil or criminal action. Whatever arguments may exist for or against plea bargains, Thomas Sheehy did not invent the process and his right to hold office should not depend upon the existence or the propriety of plea bargaining. Here, the plea bargain for which Sheehy contended and got acceptance, both from the Attorney General's office and from the federal authorities, was more harsh than the sentences and fines imposed by the district judge in disposing of the defendants, whose cases became the subject of the recall petition. Three county attorneys testified that Sheehy's plea bargain was good prosecutorial practice.

The further statement in the petition that this type of prosecution will only encourage more drug traffic and other crimes in Chouteau County is purely conclusionary and is not a statement of fact which could be within the knowledge of Dr. Gertson. Again the implication that Sheehy juggled court appearance dates to frustrate public appearances is false.

The statements in the affidavit about the gross receipts of the marijuana are terribly exaggerated. The Attorney

General's investigation concluded that the defendant's gross receipts were approximately $400,000 and not the amounts set forth in the recall petition. Again, Dr. Gertson's position as county health officer would tend to mislead the uninitiated elector as to the exactitude of the figures set out in the recall petition.

The allegation that the prosecution of the defendants from the beginning was unfair to the county, state and federal government and that federal attorneys were needed to prosecute the case again is incorrect. The United States Attorney testified that he was elated with the prosecution of this case and "could not have done better himself." Sheehy had no power to call in federal attorneys to prosecute this case since the charges were not made in the federal courts.

We determine that the allegations in the recall petition are patently false, misleading, and based on misconception. Sheehy's competence or incompetence cannot be measured by those statements of purported fact. As a matter of law, the recall petition is insufficient. The Montana Recall Act requires that the charge of incompetence, when it is used for recall, be based on the "truth of purported facts contained in the statement" sworn to by a petitioner. This recall petition falls far short of that legal requirement.

We are fully agreed on this Court that the right of recall of a public officer is an important part of the rights of citizenship in Montana. In a proper case, we would protect that right of recall, and leave it to the voters to determine whether the officerholder should continue in office. The officeholder, however, is entitled to at least a level playing field; if he is to be removed from office, his removal must be based on true statements which demonstrate his incompetence, or any other grounds for which recall may be sought.

We held in Steadman v. Halland (1982), 197 Mont. 45, 54, 641 P.2d 448, 453 that specificity of the alleged facts is an important part of a recall petition. There we said in part:

> Therefore, we hold that it is not enough for a recall petition to allege one of the grounds for recall as set forth in section 2-16-603(3), MCA. The recall petition must also include a clear statement of the alleged acts constituting the grounds for recall. The disputed petition in the case at bar contained no such statement. Consequently, it was defective in form and was properly rejected.

The respondent has argued, and the District Court agreed, that the question of Sheehy's recall was political, rather than legal, and that the truth of the allegations was a matter for the electors of Chouteau County to decide. The statutes do not contemplate that the electors will decide the truth of charges made against a public officer in a recall petition. The Recall Act requires truth in the beginning of the process.

Whether the allegations are legally sufficient is a matter of law for a district court to decide. This Court said in Foster v. Kovich (1983), 207 Mont. 139, 150, 673 P.2d 1239, 1246:

> Some state constitutions or statutes provide very broad recall and vest in the electorate the power to determine whether the acts alleged in the petition are grounds for recall. In Montana, however, the legislature has limited the grounds for recall and has given the District Court the power to determine the legal sufficiency of the allegations in the recall petition. The legal sufficiency of the allegations is not left to the electorate. Therefore, a petition may never reach the electorate because it fails to specify acts legally sufficient to constitute grounds for recall under section 2-16-603(3) of the Recall Act.

For the reasons foregoing, we issued our Order of October 14, 1988, removing the recall petition from the

electorate, and directing the County Clerk and Recorder not to count any results with respect to the recall and not to canvass or enter upon any records of county or state any purported results of said recall election. We did so by means of an injunction. The petitioner on appeal has argued for a writ of prohibition but we determined that under the applicable statute, injunction was the only proper relief.

Our decision to issue an injunction came from the language of § 2-16-615(2), MCA. That statute provides that if the election officer refuses to file or to accept any petition for recall which is otherwise proper, an elector may apply to the District Court for a writ of mandamus. On the other hand, if a determination is made that any accepted and filed petition is not sufficient "the court may enjoin certification, printing, or recall election." The statute is clear. When, as here, the recall petition is deficient, the remedy is by injunction.

For the reasons foregoing, we held on October 14, 1988, and now repeat that the decision of the District Court denying relief to petitioner Thomas Sheehy is reversed; and the language of our order restraining and enjoining any further proceedings by the County Clerk and Recorder as to the said recall petition affecting Thomas Sheehy is hereby confirmed and continued. Let remittitur issue forthwith.

_John C. Sheehy_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

- 11 -

_____

_____
L. C. Brulhrendson.

_____
William E. Hunt

_____
R. C. McDonough
Justices