No. 92-193

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992


FRANCES CAROLINE PARKER,

        Plaintiff and Appellant,

-vs-

CARRIE WILMOTH ELDER, ROBERT DALTON
AND VADA LEE DALTON,

        Defendants and Respondents.

FILED

SEP - 3 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:  District Court of the Thirteenth Judicial District,
               In and for the County of Big Horn,
               The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

               Douglas Y. Freeman and Natasha J. Morton, Law
               Offices of Douglas Y. Freeman, Hardin, Montana

        For Respondents:

               James E. Torske, Attorney at Law, Hardin, Montana


               Submitted on Briefs:  August 6, 1992

                         Decided:  September 3, 1992

Filed:

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Thirteenth Judicial District, County of Big Horn, State of Montana, the Honorable G. Todd Baugh presiding. This is the second time this matter has been before this Court on appeal. In the original appeal to this Court, Parker v. Elder (1988), 233 Mont. 75, 758 P.2d 292, this Court upheld the District Court's award of a permanent injunction enjoining respondents from interfering with appellant's use of a road that crossed respondent Carrie Wilmoth Elder's land. The matter was returned to the District Court, which subsequently heard testimony on the issues of appellant Frances Parker's damages and her attorney's fees of approximately $24,000. The District Court thereafter awarded damages but denied Mrs. Parker an award of attorney's fees. Mrs. Parker appeals the District Court's denial of attorney's fees. We affirm.

The sole issue before this Court is whether the prevailing party in an injunctive action should be awarded attorney's fees, in light of the fact that the prevailing party was forced to institute a legal action to protect her rights from an unlawful self-help course of conduct.

Mrs. Parker recognizes that, as a general rule, the prevailing party in a civil action may not recover attorney's fees absent a contractual agreement or express statutory authority. Harris v. Bauer (1988), 230 Mont. 207, 749 P.2d 1068; Martin v. Crown Life Insurance Co. (1983), 202 Mont. 461, 658 P.2d 1099. Mrs. Parker also recognizes that it has been well established in Montana that

2

attorney's fees may not be recovered as "costs" under § 27-1-318, MCA. Martin v. Randono (1981), 191 Mont. 266, 623 P.2d 959. However, she notes that from time to time, this Court has created an exception to the rule wherein the party that was successful in a dissolved injunction was granted attorney's fees. Sheridan Electric Co-op., Inc. v. Ferguson (1951), 124 Mont. 543, 227 P.2d 597; Boz-Lew Builders v. Smith (1977), 174 Mont. 448, 571 P.2d 389; and Marta v. Smith (1980), 191 Mont. 179, 622 P.2d 1011. There have been no holdings, however, and we concur in this instance, that where an injunction was granted attorney's fees should be recovered.

A reading of the above-listed cases relied on by Mrs. Parker reveals that they were cases where special circumstances existed; that the trial courts, in arriving at their decisions, took into account the special circumstances; and that the courts based their decisions on those special circumstances.

In the case at bar, the trial court found that no exceptional circumstances existed to evoke a judicially created exception to the general rule relating to attorney's fees. The court in its findings concluded:

> To impose attorney fees on a losing party as a general rule would be a deterrent to use of the courts and could result in denial of justice and even property damage and personal injury.
>
> In this case, there is nothing beyond that which the prevailing party has in any other case to recommend an award of attorney fees and the Court concludes that plaintiff must bear her own attorney fees.

We note that while the District Court concluded that Mrs.

3

Parker suffered no actual damage, it did grant her exemplary damages in the amount of $5,000 in addition to $850.97 in costs. In doing so the court found that the respondents were wrong in closing the contested road over their property but that they had committed no crime. We find there is substantial, credible evidence to support the District Court's findings relating to the denial of attorney's fees under the circumstances and that those findings are not clearly erroneous.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Justice Terry N. Trieweiler dissents.

I dissent from the opinion of the majority. Section 27-19-406, MCA, provides that when an injunction is granted and afterward dissolved, the party who was successful in having the injunction dissolved may recover attorney fees. In this case, if the respondents had been successful they would have been entitled to an award of attorney fees. It makes no sense and is not equitable that the plaintiff who was, after all, the aggrieved party, is not entitled to the same relief.

In *Foy v. Anderson* (1978), 176 Mont. 507, 580 P.2d 114, we held that in spite of the traditional rule that a prevailing party is not entitled to an award of attorney fees, attorney fees can be awarded at the discretion of the trial court where it is necessary in order to achieve an equitable result. In affirming an award of attorney fees to the defendant in that case, we stated:

> If defendant Eggan is dismissed from the case and not awarded attorney fees, she will not be made whole or returned to the same position as before plaintiff Anderson attempted to bring her into the lawsuit.

*Foy*, 580 P.2d at 117.

Likewise, in this case, without an award of attorney fees, plaintiff is not returned to the same position as before access to her property was unlawfully obstructed. Furthermore, without an award of attorney fees, she has not received the same protection

5

under the law that defendants would have received had they prevailed in this action.

Therefore, I would reverse the judgment of the District Court.

_____
Justice

September 3, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Douglas Y. Freeman & Natasha J. Morton
LAW OFFICES OF DOUGLAS Y. FREEMAN
P.O. Drawer 429
Hardin, MT 59034


JAMES E. TORSKE
Attorney at Law
314 No. Custer Ave.
Hardin, MT   59034

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy