(924 P.2d 660)
No. 76,234

TANYA DUSIN, SANDRA VEH, and DANIEL SCHMIDTBERGER, *Appellees*, v. DARLENE RIGGS, County Clerk and Election Officer of Graham County, Kansas; FRED W. PRATT; and JOSEPH SMITH, *Appellants*.

Opinion filed October 11, 1996.

*Allen Shelton*, of Shelton Law Firm, P.A., of Oberlin, for appellants.

*Randall W. Weller*, of Hill City, for appellees.

Before LEWIS, P.J., GERNON, J., and WAHL, S.J.

GERNON, J.: Darlene Riggs, the county election officer of Graham County, Fred W. Pratt, and Joseph Smith appeal a district court's ruling that affidavits supporting a petition to recall Pratt and Smith, city councilmen of the City of Hill City, were statutorily sufficient.

Riggs rejected certain petitions as insufficient because a number of the petitions had attached an affidavit attesting, among other things, that "[t]he statements of grounds for recall contained in the recall petition are true to the best of my knowledge and ability."

Riggs contends the attestation should have required that such grounds for recall "are true" as required by K.S.A. 25-4325. The district court found that the affidavits satisfied the requirements of 25-4325. We agree with Riggs and reverse.

This is an issue of statutory interpretation, which is a question of law, and this court's review is unlimited. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 283, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

K.S.A. 25-4325 provides, in pertinent part:

"Before being filed, each petition [for recall] shall be certified by an affidavit by the sponsor who personally circulated the petition. The affidavit shall state in substance that . . . (f) the person signing the affidavit, being duly sworn, on oath states that the statements of grounds for recall contained in the recall petition are true."

In *Lewis v. Wanamaker Baptist Church*, 10 Kan. App. 2d 99, 692 P.2d 397 (1984), this court cites a number of other cases in which courts have held that a qualified verification that facts are true to the best of one's knowledge and belief does not satisfy the requirements for an unqualified verification of facts contained in a lien statement.

In a recall case, *Sheehy v. Ferda*, 235 Mont. 63, 67, 765 P.2d 722 (1988), the Montana Supreme Court relied on a lien case and held that an affidavit based on the best of the affiant's knowledge was deficient under the recall statute that required an affidavit to support the truth of the purported facts in a recall petition.

The appellees contend that the substantial compliance doctrine should govern and cite *Cline v. Meis*, 21 Kan. App. 2d 622, 905 P.2d 1072 (1995), *rev. denied* 259 Kan. 927 (1996). In *Cline*, this court held that the recall statute should not be construed so strictly as to require that signatures on a recall petition be stricken because of minor discrepancies in the addresses accompanying the signatures on the petition and the address of the signers listed on the voter registration books. 21 Kan. App. 2d at 629-30.

We conclude that *Sheehy* is factually closer to the situation before us. In *Sheehy*, the court explained that the purpose of the statutory requirement for attaching affidavits to recall petitions is to hold the affiant, under possible penalty of perjury, "to strict accountability for the truth and accuracy of the contents of his affidavit." 235 Mont. at 67. The court held that an affidavit attesting that the facts alleged in a recall petition are true to the best of the affiant's knowledge, rather than swearing without qualification to

the truth of the alleged facts, did not satisfy the statutory purpose of placing the affiant at risk of perjury charges regarding the material allegations in the petition.

In *Lewis v. Wanamaker Baptist Church*, 10 Kan. App. 2d at 100-01, this court stated that the purpose of the statutory oath requirements of the Kansas mechanic's lien statute were to put the signer at risk of perjury charges with regard to the absolute truth of the facts in the lien statement and a qualified oath as to the signer's best knowledge of such facts did not satisfy that statutory purpose.

Here, the affidavits attached to the recall petition did not satisfy the essential purpose of 25-4325. The affidavits here did not place the sponsor/affiants under the possible penalty of perjury with regard to the absolute truth of the allegations in the recall petition. Accordingly, we conclude that it was error for the trial court to find that the affidavits presented substantially complied with 25-4325.

Reversed.