No. 99-031

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 234

296 Mont. 138

988 P.2d 761

JUDY BRAACH,

Plaintiff and Appellant,

v.

T. JANELLE GRAYBEAL, Clerk and Election

Administrator of School District No. 1, County

of Granite, State of Montana,

Defendant and Respondent:

APPEAL FROM: District Court of the Third Judicial District,

In and for the County of Granite,

The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Shane A. Vannatta; Worden, Thane & Haines, Missoula, Montana

For Respondent:

Jeffrey M. Hindoien; Gough, Shanahan, Johnson & Waterman,

Helena, Montana

Submitted on Briefs: May 13, 1999

Decided: September 29, 1999

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶ **Judy Braach (Braach) appeals from the order of the Third Judicial District Court, Granite County, denying her motion for attorney fees. We affirm.**

¶ **The issue on appeal is whether the District Court erred in concluding Braach is not entitled to attorney fees in this action.**

## BACKGROUND

¶ **Braach was one of five duly elected members of the Board of Trustees (Trustees) for School District No. 1 in Granite County, Montana. In March of 1998, the other Trustees submitted a petition to the Clerk of the School District, T. Janelle Graybeal**

(Graybeal), requesting an election to determine whether Braach should be recalled from the office of Trustee. Graybeal reviewed the petition and approved it as complying with the form requirements set forth in §§ 2-16-616 and 2-16-617, MCA. The Trustees then circulated the petition to collect signatures of the School District electors, following which the Granite County Clerk and Recorder verified the signatures, Graybeal accepted the petition for filing and the recall election was scheduled for May 5, 1998.

¶ Braach filed a complaint in District Court alleging that Graybeal should not have accepted the petition because it was facially deficient and requesting the court to enjoin Graybeal from taking any further action with regard to the recall election. The District Court granted a temporary restraining order to stop the election and scheduled a hearing on Braach's request for a preliminary injunction.

¶ The parties subsequently stipulated to the entry of a permanent injunction prohibiting Graybeal from proceeding with the recall election. Braach then moved the District Court for an award of attorney fees as the prevailing party in the action and the court denied the motion. Braach appeals.

## STANDARD OF REVIEW

¶ Generally, a district court's grant or denial of a motion for attorney fees is a discretionary ruling which we review to determine whether the court abused its discretion. See Goodover v. Lindey's, Inc. (1992), 255 Mont. 430, 449, 843 P.2d 765, 776. Here, the District Court denied Braach's motion for attorney fees based on its determination that there is no legal authority for such an award in this case. This underlying determination is a conclusion of law which we review to determine whether the court interpreted the law correctly. Kunst v. Pass, 1998 MT 71, ¶ 19, 288 Mont. 264 ¶ 19, 957 P.2d 1, ¶ 19.

## DISCUSSION

¶ Did the District Court err in concluding Braach is not entitled to attorney fees in this action?

¶ It is well-established in Montana that, absent contractual or statutory authority, attorney fees generally will not be awarded. Goodover, 255 Mont. at 445, 843 P.2d at

774 (citations omitted). **Braach concedes that no contract or applicable statute authorizes an attorney fees award in this case. Notwithstanding the absence of such authority, however, she argues entitlement to attorney fees as a matter of equity as the prevailing party in her action to enjoin the recall election proceedings. The District Court concluded that this case does not fall within the limited circumstances under which an equitable award of attorney fees is allowed in Montana. We agree.**

**¶ We have held that a court, under its equity powers, may award attorney fees to make an injured party whole. Foy v. Anderson (1978), 176 Mont. 507, 511-12, 580 P.2d 114, 116-17. Such awards are to be determined on a case-by-case basis. Foy, 176 Mont. at 511, 580 P.2d at 117. In subsequent cases addressing the Foy "equitable" exception, however, we have expressly limited its applicability to situations where a party has been forced to defend against a wholly frivolous or malicious action. See, e. g., Youderian Const., Inc. v. Hall (1997), 285 Mont. 1, 15, 945 P.2d 909, 917; Newman v. Wittmer (1996), 277 Mont. 1, 12, 917 P.2d 926, 933; Tanner v. Dream Island, Inc. (1996), 275 Mont. 414, 429-30, 913 P.2d 641, 651; Holmstrom Land Co. v. Hunter (1979), 182 Mont. 43, 48-49, 595 P.2d 360, 363.**

**¶ In the present case, Braach was not required to defend against a frivolous lawsuit. Rather, she initiated this action as the plaintiff. We specifically have held that attorney fees are not available under the Foy exception for parties who initiate legal action. See Youderian Const., 285 Mont. at 15, 945 P.2d at 917; Newman, 277 Mont. at 12, 917 P.2d at 933; Tanner, 275 Mont. at 429, 913 P.2d at 651.**

**¶ Braach asserts that, even though she initiated this action, she is in a situation similar to that faced by defendants forced to defend frivolous lawsuits because she was forced to bring this action to protect herself from a defective recall petition and had no other recourse. She cites State ex rel. Wilson v. Dept. of Natural Resources (1982), 199 Mont. 189, 648 P.2d 766, for the proposition that the designation of a party in a lawsuit is not necessarily dispositive.**

**¶ In Wilson, property owners were forced to intervene in an action brought by Wilson against the Department of Natural Resources and Conservation in order to protect their rights to appropriate water from a creek. After the district court granted injunctive relief against Wilson, the intervenors sought and were awarded attorney fees. Wilson, 199 Mont. at 193, 648 P.2d at 768. We reversed the district court's grant of attorney fees to the intervenors, but stated that "there is room within**

the *Foy* exception for those who reasonably find it necessary to intervene in a frivolous action, although not technically forced to become parties." Wilson, 199 Mont. at 197, 648 P.2d at 770.

¶ In Wilson, the intervenors were not defendants, but they found it necessary to become parties to an action brought by another person in order to protect their rights. They did not bring the action themselves, however. Thus, the intervenors found themselves in circumstances similar to those of defendants asserting a Foy-based entitlement to an equitable award of attorney fees. As stated above, Braach initiated this action requesting injunctive relief. She was not forced to intervene or otherwise become involved in a legal action initiated by another. Consequently, Wilson does not support her argument here. Moreover, parties bringing actions for injunctive relief to protect their own rights are not entitled to attorney fees under the Foy exception. See, e.g., Parker v. Elder (1992), 254 Mont. 270, 836 P.2d 1236; Newman, 277 Mont. at 12, 917 P.2d at 933. We conclude that Foy's narrowly defined "equitable" exception to the general attorney fees rule is not applicable in the present case.

¶ Braach also argues that, because a recall petition sponsor is allowed to recover attorney fees for successfully compelling a clerk to approve a recall petition, we should extend a reciprocal right to recover attorney fees to parties who successfully enjoin a defective recall petition. We decline to do so.

¶ Section 2-16-615(2), MCA, provides that, if an official refuses to accept a proper recall petition for filing, any elector may petition the district court for a writ of mandamus compelling the official to file the petition. Under § 27-26-402(1), MCA, a successful petitioner for a writ of mandamus may recover damages, and we have held that such damages may include attorney fees. Kelleher v. Board of Social Work Exam'rs (1997), 283 Mont. 188, 192, 939 P.2d 1003, 1006 (citing Kadillak v. Montana Dept. of State Lands (1982), 198 Mont. 70, 74, 643 P.2d 1178, 1181). In contrast, where a legally insufficient recall petition has been accepted for filing, the proper procedure for relief is by way of an injunction. Section 2-16-615(2), MCA; Sheehy v. Ferda (1988), 235 Mont. 63, 71, 765 P.2d 722, 727. Attorney fees are not available in a successful action for injunctive relief. See Parker, 254 Mont. at 271, 836 P.2d at 1237-38. Thus, § 2-16-615(2), MCA, provides for different procedural remedies depending on the relief sought; one of those remedies allows for attorney fees and one does not. Braach advances no persuasive authority for providing a reciprocal right to attorney

fees in circumstances where the underlying actions are based on different legal remedies and are brought for different purposes.

¶ Braach's final argument relates to the language in § 2-16-615(2), MCA, authorizing a court to "enjoin" a recall election if a filed recall petition is defective, and our related determination in <u>Sheehy</u> that the statute clearly provides for the remedy of injunctive relief. <u>See</u> <u>Sheehy</u>, 235 Mont. at 71, 765 P.2d at 727. She asserts that the statutory term "enjoin" should be construed more broadly to mean a general "action of directing or prohibiting" rather than simply "injunction." Under such an interpretation, the statute would allow a person to challenge a deficient recall petition by requesting a writ of prohibition instead of an injunction and, as Braach correctly observes, attorney fees are available in a successful action for a writ of prohibition. <u>See</u> Allen v. Madison County Comm'n (1984), 211 Mont. 79, 89, 684 P.2d 1095, 1101. On these bases, Braach urges us to overrule <u>Sheehy</u>, hold that the filing of a deficient recall petition may be challenged through application for a writ of prohibition, deem her complaint for injunctive relief an action for a writ of prohibition and award her attorney fees accordingly.

¶ Section 2-16-615(2), MCA, is part of the Montana Recall Act enacted by the Montana electorate in 1976 through Initiative No. 73 (I-73). The section of I-73 containing the language authorizing a court to "enjoin certification, printing or recall election" is entitled "Mandamus For Refusal To File--Injunction." <u>See</u> Sec. 12, I.M. No. 73, approved November 2, 1976. In addition to expressly using the word "enjoin," the drafters of I-73 clearly intended that a deficient recall petition be challenged by way of an action for an injunction. They did not provide for relief via an application for a writ of prohibition, which is governed by entirely separate statutes than those applicable to an action for an injunction. <u>Cf.</u> §§ 27-27-101, MCA, <u>et</u> <u>seq.</u> and §§ 27-19-101, MCA, <u>et</u> <u>seq.</u> For these reasons, we may not broaden the word "enjoin" used in § 2-16-615(2), MCA, to encompass a separate and distinct remedy, and we reaffirm our holding in <u>Sheehy</u>.

¶ We hold that the District Court correctly concluded Braach is not entitled to attorney fees in this action.

¶ Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER


Justice Jim Regnier dissenting.

¶ I respectfully dissent from the majority's conclusion to affirm the District Court and deny Ms. Braach reimbursement for her attorney fees. I would remand this matter back to the District Court for a determination of her reasonable attorney fees.

¶ The majority has correctly stated that it is well established in Montana that a party in a civil action is generally not entitled to fees absent a specific contractual or statutory provision. Certainly, in this case there was no contract between Braach and Graybeal which could serve as a basis for the award of attorney fees, nor does any Montana statute explicitly provide Braach a right to recover attorney fees in this situation. In my view, however, I would expand the *Foy* doctrine in a limited fashion to cover this situation.

¶ The District Court determined that the recall petition against Braach was deficient on its face. The Montana Recall Act specifically provides that an election administrator must review a recall petition before it is circulated among the electorate. *See* § 2-16-617(3), MCA. Election administrators have an affirmative obligation to prevent defective petitions from circulating in the public. *See Steadman v. Hallard* (1982), 197 Mont. 45, 53, 641 P.2d 448, 453.

¶ Braach did not initiate the recall election process nor did she have any role in drafting the recall petition. Graybeal's decision to proceed with the recall election inserted Braach into a recall election which was, on its face, legally defective. With the election eminent, Braach had no other option than to file this action to stop the process. Braach was essentially forced to protect her interest in the elected position by initiating this action to enjoin the defective recall petition. Her action to enjoin the

election based on the defective petition was in the nature of a defensive response even though she was required to initiate the injunctive action. There is a public interest component of Braach's suit, which she filed to protect her elected office from a fatally defective recall petition. The expense of protecting the public interest and the democratic process should not be borne by elected officials such as Braach.

¶ I would expand *Foy* to include situations such as this where an elected official is compelled to set aside a defective recall petition.

/S/ JIM REGNIER