No. 01-382

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 314N

IN RE THE MARRIAGE OF
CONNIE LUCILLE ANDERSON,
n/k/a ANDERSEN,

      Petitioner and Respondent,

  and

JEROME RYON ANDERSON,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade,
                The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Jerome Ryon Anderson (pro se), Great Falls, Montana

      For Respondent:

          Connie Lucille Andersen (pro se), Great Falls, Montana

                  Submitted on Briefs:  June 27, 2002

                    Decided:  December 17, 2002

Filed:

_____
                  Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 In 1996, the Eighth Judicial District Court, Cascade County, dissolved the marriage between the Appellant, Jerome Anderson, and the Respondent, Connie Andersen. Further, the District Court ordered joint custody over the parties' minor child, designated Connie as the primary physical custodian, and established a visitation schedule for Jerome. Jerome subsequently filed several motions to enforce and modify the court-ordered visitation. The District Court denied Jerome's motions and Jerome, appearing pro se, appeals. We affirm.

¶3 We address the following issues on appeal:

¶4 1. Did the District Court err when it modified the original court-ordered visitation schedule to require supervised visitation?

¶5 2. Did the District Court err when it ordered each party to bear their respective attorney fees incurred in the action?

BACKGROUND

¶6 Jerome and Connie were married on January 18, 1991. One child was born of the marriage. On July 19, 1994, Connie filed a petition with the District Court to dissolve the marriage. On

2

February 27, 1996, the District Court entered its Findings of Fact, Conclusions of Law, and Order. Therein, the District Court ordered the marriage dissolved. Further, the court determined that joint custody was in the minor child's best interests and designated Connie as the primary physical custodian. As for visitation, the District Court ordered that the child spend every other weekend and holiday with Jerome, during the school year, and six continuous weeks with Jerome in the summer.

¶7 Over approximately the next eighteen months, Jerome sporadically exercised his visitation rights. On October 27, 1997, Jerome filed a petition to modify the custodial arrangement with the District Court. Jerome maintained that Connie "willfully and consistently refus[ed] to allow visitation . . . and has attempted to frustrate and deny contact with [Jerome]." Before the District Court ruled on the petition to modify, Jerome filed a motion to enforce the 1996 parenting plan on August 20, 1999. The District Court, on several occasions, set and reset hearing dates to entertain Jerome's motions at the parties' requests. Before the District Court could hold a hearing on the matter, Jerome filed another motion with the District Court on August 24, 2000. This motion requested that the District Court establish a visitation schedule for the parties to follow until the court could rule on the pending motions.

¶8 On September 7, 2000, Jerome moved the District Court to order a psychological evaluation of Connie, appoint a psychologist for the minor child, and order the parties to participate in

3

counseling. Finally, on September 28, 2000, Jerome filed a Motion for Summary Ruling which asked the District Court to grant all of the relief requested by Jerome since October 1997. The parties subsequently entered into a court-approved stipulation which acquiesced to psychological evaluations and supervised visits involving Jerome and the child.

¶9 Following hearings contemplating all of the parenting and visitation motions filed by Jerome, the District Court entered its Findings of Fact, Conclusions of Law, and Order on May 4, 2001. The District Court concluded that based on the evidence presented "Jerome . . . is not mentally ready for unsupervised visitation." As such, the District Court ordered that supervised visitation occur on a weekly basis in a controlled environment until Jerome evinced the wherewithal to comply with the visitation schedule in the decree of dissolution. Therefore, the District Court denied all of Jerome's pending motions. Further, the District Court ordered each party to bear their own attorney fees and costs associated with the proceedings. On June 1, 2001, Jerome filed a notice of appeal from the District Court's order. Jerome challenges the court's order regarding the supervised visitation and attorney fees.

STANDARD OF REVIEW

¶10 We review visitation orders to determine whether substantial credible evidence supports the district court's judgment. *Stoneman v. Drollinger*, 2000 MT 274, ¶ 53, 302 Mont. 107, ¶ 53, 14 P.3d 12, ¶ 53. We will overturn a visitation order only when the court's

4

findings and conclusions clearly demonstrate an abuse of discretion. *Stoneman*, ¶ 53. Likewise, a district court's grant or denial of attorney fees is a discretionary ruling which we review for an abuse of discretion. *Braach v. Graybeal*, 1999 MT 234, ¶ 6, 296 Mont. 138, ¶ 6, 988 P.2d 761, ¶ 6.

## DISCUSSION

## ISSUE ONE

¶11 Did the District Court err when it modified the original court-ordered visitation schedule to require supervised visitation?

¶12 As indicated above, the District Court initially ordered that the child was to spend every other weekend and holiday with Jerome, during the school year, and six weeks with Jerome in the summer. In its May 4, 2001, order, the District Court modified the original visitation schedule to weekly supervised visitation "with the future goal of Jerome resuming the unsupervised visitation schedule outlined in the 1996 divorce decree." The District Court entered the modification based upon the testimony presented at the hearings. The court cited the following reasons for the modification: the child's close relationship with Connie's family, the child's ambivalence toward any relationship with Jerome, the deterioration of the child's physical and mental health while in Jerome's presence, and the experts' consensus that contemporary visitation remain supervised.

¶13 Jerome requests that we reverse the District Court's order and command the court to revert back to the original visitation schedule. However, Jerome offers no concrete assignments of error.

5

Rule 23(a)(4), M.R.App.P., requires that an appellant present a concise, cohesive argument which "contain[s] the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on." Jerome has not presented any citations to the record or supporting legal authority in his opening brief, and he has not filed a reply brief. This Court has repeatedly held that we will not consider unsupported issues or arguments. *In re Custody of Krause*, 2001 MT 37, ¶ 32, 304 Mont. 202, ¶ 32, 19 P.3d 811, ¶ 32. Similarly, this Court is under no obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal. *In re B.P.*, 2001 MT 219, ¶ 41, 306 Mont. 430, ¶ 41, 35 P.3d 291, ¶ 41.

¶14 Further, Jerome appears to challenge the District Court's findings but has not provided this Court with transcripts from the relevant proceedings. Jerome contends that he is unable to pay for the transcripts on appeal and requests that we order the county to assume the costs. Section 3-5-604(5), MCA, provides:

> If it appears to the judge that a defendant in a criminal case or a parent or guardian in a proceeding brought pursuant to Title 41, chapter 3, part 4 or 6, is unable to pay for a transcript, it must be furnished to the party and paid for by the state as provided in 3-5-901.

This case clearly does not fall within the parameters contemplated by § 3-5-604(5), MCA. Therefore, Jerome is responsible for bearing the costs of transcripts on appeal.

¶15 In the past, we have demonstrated a willingness to accommodate pro se parties by relaxing those technical requirements which do

not impact fundamental bases for appeal. However, a district court's decision is presumed correct and it is the appellant who bears the burden of establishing error by that court. *Matter of M.J.W.*, 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18. In short, Jerome simply has not met his burden. Therefore, we hold that the District Court did not err when it subsequently modified the original order of visitation.

## ISSUE TWO

¶16 Did the District Court err when it ordered each party to bear their respective attorney fees incurred in the action?

¶17 Montana has long recognized the principle that a court will not award attorney fees absent contractual or statutory authority. *Braach*, ¶ 8. However, absent such authority, a court may invoke its equitable powers to award attorney fees to make an injured party whole. *Braach*, ¶ 9.

¶18 On appeal, Jerome simply asserts that he "need[s] relief for attorney fees." Again, Jerome has not asserted any contractual or statutory authority to support an award of attorney fees. Nor has Jerome argued for the application of an equitable exception to the general bar. Here, the District Court ordered that "[e]ach party shall be responsible for his or her own attorneys fees and costs associated with this proceeding." Absent any authority to the contrary, we hold that the District Court did not abuse its discretion in holding each party liable for their respective attorney fees.

¶19 Affirmed.

7

/S/ JIM REGNIER


We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE

8