No. 03-430

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 229N

IN RE THE MARRIAGE OF

FREDERICK J. OTT,

> Petitioner and Appellant,

and

SHANNON D. OTT,

> Respondent and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 2002-0416,
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Roy W. Johnson, Attorney at Law, Billings, Montana

For Respondent:

Court E. Ball, Towe, Ball, Enright, Mackey & Sommerfeld, P.L.L.P.,
Billings, Montana

Submitted on Briefs:  March 16, 2004

Decided:  August 24, 2004

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court .

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Frederick J. Ott (Frederick) appeals from the findings of fact, conclusions of law, and judgment of dissolution entered by the District Court of the Thirteenth Judicial District, Yellowstone County, on March 28, 2003, dividing the parties' marital estate, and ordering Frederick to pay the Respondent, Shannon D. Ott (Shannon), the sum of $14,432.14 within thirty days of entry of the decree, as well as to contribute a reasonable sum towards Shannon's attorney fees and costs. We affirm.

¶3 The issues on appeal are as follows:

¶4 1. Was the District Court's division of property supported by substantial evidence?

¶5 2. Was the District Court's award of attorney fees to Shannon supported by substantial evidence?

¶6 Frederick and Shannon were married in Basin, Wyoming, on November 6, 1991. During the marriage, Frederick worked as a switchman for Montana Rail Link (MRL). In 2000, he retired after suffering a back injury. As a result of his injuries, Frederick received a settlement from MRL and the Railroad Retirement board. Using the money he received from the settlement, Frederick paid off the mortgage on the marital residence in the amount

2

of $64,259.19. He also purchased an annuity which, at the time of trial, yielded Frederick $680.00 per month.

¶7 In April 2002, the parties separated and Shannon moved to Florida. In addition to several items of personal property, Shannon took with her $9,000.00, which she had withdrawn from the parties' Wells Fargo bank account. Shortly thereafter, Frederick filed a petition for dissolution in District Court.

¶8 A non-jury trial was held on March 6, 2003. After considering the testimony of the parties and their respective proposals for property distribution, the District Court entered findings of fact and conclusions of law in which it distributed the property in the marital estate. The court awarded Frederick the marital residence, and, because the money to pay off the home came from Frederick's railroad injury settlement, $64,259.19 of the home's equity was awarded to him separately. The remaining equity in the home, approximately $25,000.00, was divided equally between Frederick and Shannon, and other property distributions were made. As a result, Frederick's divisible assets came to a total of $43,640.81, and Shannon's net assets totaled $14,276.54. In order to equalize this property division, the District Court ordered Frederick to pay Shannon the sum of $14,432.14 within thirty days of the date of the final decree. The court also found that Frederick was financially capable of assisting Shannon in the payment of her attorney fees, and awarded Shannon attorney fees and costs.

¶9 We review a district court's division of marital property to determine whether the findings upon which it relied are clearly erroneous. If the findings are not clearly erroneous,

3

we will affirm the division of property, unless the district court abused its discretion. *In re Marriage of Engen*, 1998 MT 153, ¶ 26, 289 Mont. 299, ¶ 26, 961 P.2d 738, ¶ 26. A district court's grant or denial of attorney fees is a discretionary ruling which we review for abuse of discretion. *Braach v. Graybeal*, 1999 MT 234, ¶ 6, 296 Mont. 138, ¶ 6, 988 P.2d 761, ¶ 6.

¶10 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court in distributing the marital estate and awarding attorney fees to Shannon.

¶11 We affirm the judgment of the District Court.


/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART

4