JUSTICE COTTER
concurs and dissents.
¶68 I fully concur in the Court’s resolution of Issues Two, Three and Four. I also concur in the resolution of Issues Six and Seven, though because I would uphold the award of attorney fees, I would not reverse the awards of compensatory and punitive damages or remand for a new trial. I concur but write separately to express my views with respect to Issue Five. I dissent from our resolution of Issue One.
¶69 First, I concur with this Court’s ultimate resolution of Issue Five-which addresses whether the District Court erred in granting Jacobsen’s motion to exclude evidence of the legal effect of the release, *484 and refusing Allstate’s proposed jury instruction in that regard-but not on the basis of the Court’s rationale at ¶ 51, which I find circular. Rather, I would affirm on this issue for the simple reason that there was sufficient evidence presented to enable the jury to understand the ramifications of the release situation with which it was presented. Moreover, the District Court correctly instructed the jury that a release has no binding effect after rescission. Allstate was not precluded from cross-examining on this point, or from underscoring this instruction in its closing argument. Given these circumstances, I would not conclude that the District Court abused its discretion in the manner in which it ruled on these questions.
¶70 I dissent from the Court’s resolution of Issue One. As the Court notes, our caselaw indicates that the equitable exception to the American Rule is reserved for those situations in which an individual seeking attorney fees has been forced into litigation through “no fault ofhis own.”Opinion, ¶ 21. This is, of course, an equitable consideration based on the circumstances before a court. In this case it seems to me that Jacobsen was, in fact, forced into court by Allstate through no fault ofhis own. It is undeniably clear that even though Jacobsen was not a party to a contract with Allstate, Allstate had a statutory duty to settle the claim in good faith since liability was reasonably clear. See §33-18-201(6), MCA. According to the jury, Allstate acted in bad faith, and thus violated its statutory duty to Jacobsen. This tortious conduct forced Jacobsen into the position of either doing nothing or seeking a vindication of his rights in a court of law. If Jacobsen had done nothing, Allstate would have thereby profited by its wrongful actions. Since “equity regards that as done which ought to have been done,” Shook v. Woodard, 129 Mont. 519, 527, 290 P.2d 750, 754 (1955), principles of equity weigh in favor of granting Jacobsen attorney fees as damages for Allstate’s bad faith, as he was compelled to hire an attorney in order to “convince” Allstate to settle his claim in good faith.
¶71 The Court states that “Jacobsen was not forced into litigation, notwithstanding the fact that he felt compelled to file suit as a result of Allstate’s bad faith.” Opinion, ¶ 21. With due respect, the fine distinction between being Torced” to defend and ‘feeling compelled” to sue to vindicate one’s rights is thin to illusory. In both instances, the wronged party has no real choice but to respond to the actions taken by the wrongdoer, if he wants to protect his rights. Here, Jacobsen, through no fault ofhis own, was injured by Allstate’s insured. Allstate then acted in bad faith when it refused to properly settle his claim. It is clear in this case that it wasn’t until Jacobsen hired an attorney that *485 Allstate felt “compelled” to adhere to the duty it owed to Jacobsen to adjust his claim in good faith.
¶72 As recognized by the Court, the equitable exception to the American Rule permits an award of attorney fees to a party who is forced into a frivolous lawsuit and must incur attorney fees to defend against the claim. Opinion, ¶ 21 (quoting Goodover v. Lindey’s Inc., 255 Mont. 430, 447, 843 P.2d 765, 775 (1993)). I fully recognize that the cases cited by the Court, as well as others, see e.g. Branch v. Grayheal, 1999 MT 234, ¶ 10, 296 Mont. 138, 988 P.2d 761 (citing authorities), indicate that a party who initiates a suit-as opposed to a party who is forced to defend against one-normally cannot recover attorney fees under the equitable exception to the American Rule. See Opinion, ¶ 21. I agree that this consideration “normally” should apply, but it should not apply in every instance, and it should not apply under the circumstances presented here. Rather, I would conclude that the counterpart to the right of a defendant to recover fees for being forced into litigation should be recognized for similarly situated plaintiffs. Just as equity should operate on behalf of a defendant forced into frivolous litigation, it should operate as well on’ behalf of a plaintiff whom a fact-finder concludes was forced to file litigation due to the bad faith-er, otherwise described, frivolous-conduct of the opposing party.
¶73 Here, Judge Sandefur found such an equitable exception to the American Rule, concluding that a plaintiff in a third party action against an insurer may recover fees if the insurer’s actions compelled the plaintiff to file suit to recover what was due him under the liability policy, the fees were not incurred in relation to either a UTPA or tort action, and the fees are not otherwise recoverable under the Uniform Declaratory Judgment Act. It goes without saying that, if there was no bad faith, then the fees from the prior action would not have been recoverable.
¶74 Finally, I do not believe that the exception for plaintiffs which I espouse here would swallow the American Rule. This is not loser pays.” Rather, it is only the bad faith or frivolous loser who pays. It is only fair, it seems to me, to accord the maligned plaintiff the same equitable considerations that we have historically accorded the maligned defendant. Accordingly, I would conclude that the District Court did not err under these facts in allowing attorney fees and costs as damages. I would affirm the award of attorney fees and dissent from the Court’s failure to do so.
JUSTICE NELSON joins in the Concurrence and Dissent of JUSTICE COTTER.