No. DA 06-0645

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2006 MT 278

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| NOT IN MONTANA:  CITIZENS AGAINST | ) | |
| CI-97, a Political Ballot Committee, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | A N D |
| STATE OF MONTANA, | ) | O R D E R |
| by and through MIKE McGRATH, | ) | |
| in his capacity as the Attorney General, | ) | |
| and BRAD JOHNSON, | ) | |
| in his capacity as Secretary of State; | ) | |
| | ) | |
| Defendant and Appellant, | ) | |
| and | ) | |
| | ) | |
| STOP OVER SPENDING MONTANA, | ) | |
| a Political Ballot Committee, | ) | |
| | ) | |
| Intervenor and Appellant. | ) | |
| | ) | |

¶1      "Stop Over Spending Montana" (Proponents) and the State of Montana (State), acting through the Attorney General and the Secretary of State, appeal separately from the judgment and order of the First Judicial District Court, Lewis & Clark County, overruling the Attorney General's determination that Constitutional Initiative 97 (CI-97) is legally sufficient pursuant to § 13-27-202(3), MCA.

¶2      Proponents proposed CI-97 to amend the Montana Constitution with provisions limiting the Legislature's spending and taxation authority.  Proponents had to comply with the procedural requirements for qualifying their initiative as set forth

in §§ 13-27-101 through 504, MCA. We mention only those requirements that are relevant to this appeal.

¶3 Proponents submitted CI-97 to the Secretary of State who in turn forwarded it to the Attorney General for a determination of "legal sufficiency" as required by § 13-27-202(3), MCA. The Attorney General determined that CI-97 was "legally sufficient" to qualify for the November 2006 ballot. Proponents gathered the requisite number of signatures in support of CI-97 and submitted them to county election administrators pursuant to § 13-27-301, MCA. The county officials forwarded the signatures to the Secretary of State pursuant to § 13-27-304, MCA. The Secretary of State then certified to the Governor that Proponents had filed a completed petition, as required by § 13-27-308, MCA, on the statutory deadline of July 21, 2006, as determined by § 13-27-104, MCA.

¶4 "Not In Montana: Citizens Against CI-97" (Opponents) timely filed this action on July 27, 2006, in the First Judicial District Court, Lewis & Clark County, asking the court to overrule the Attorney General's determination concerning the "legal sufficiency" of CI-97. Opponents alleged that CI-97 violated the single amendment provision found in Article XIV, Section 11, of the Montana Constitution. The District Court issued its Memorandum and Order on September 19, 2006. The court agreed that CI-97 violated the single amendment provision, overruled the Attorney General's determination, and enjoined the Secretary of State from counting any votes on CI-97. Proponents and the State appealed separately.

2

¶5 Opponents and two other ballot committees filed a separate challenge to CI-97, as well as Constitutional Initiative 98 (CI-98) and Initiative 154 (I-154), on August 16, 2006, in the Eighth Judicial District Court, Cascade County. They challenged these initiatives on the basis that Proponents and two other ballot committees had gathered illegally the signatures necessary to qualify these initiatives for the ballot. The district court agreed and invalidated the Secretary of State's certification of CI-97, CI-98, and I-154 on September 13, 2006. We affirmed on appeal, holding that any votes for CI-97 would have "no force or effect." *Montanans for Justice v. State of Montana*, 2006 MT 277, ¶ 87, 334 Mont. 237, ¶ 87, ___P.3d ___, ¶ 87.

¶6 Proponents now ask this Court to reverse the District Court's invalidation of the "legal sufficiency" of CI-97 to allow it to be "submitted to the voters at the November 7, 2006 election." The State requests that we reverse the District Court and "adopt a clear separate amendment rule." We first must address the issue of whether we have jurisdiction to hear these appeals as they appear to be non-justiciable in light of our decision in *Montanans for Justice*. *Dennis v. Brown*, 2005 MT 85, ¶ 8, 326 Mont. 422, ¶ 8, 110 P.3d 17, ¶ 8.

¶7 This Court may raise questions of justiciabilty *sua sponte* because we lack jurisdiction over non-justiciable matters. *Dennis,* ¶ 8. We include moot questions and advisory opinions among the matters that exceed our jurisdiction. *Dennis*, ¶ 8. We previously have described a question as moot when we no longer can grant effective relief. *Turner v. Mountain Engineering and Const., Inc.,* 276 Mont. 55, 61, 915 P.2d 799, 803 (1996).

¶8    In *Turner,* a district court granted summary judgment to a mortgagee, finding that his mortgage interest was superior to that of several construction lien creditors. *Turner*, 276 Mont. at 58, 915 P.2d at 801.  The construction lien creditors appealed the ruling, but failed to stay the mortgagee's foreclosure proceedings.  *Turner*, 276 Mont. at 58, 915 P.2d at 801.  The mortgagee proceeded pursuant to a court order to foreclose on the property and sell it at a sheriff's sale before this Court could address the merits of the construction lien creditors' appeal.  *Turner*, 276 Mont. at 58, 915 P.2d at 801.  We dismissed the appeal as moot because we had no power to reverse the sheriff's sale, thereby making it impossible for this Court to grant effective relief. *Turner*, 276 Mont. at 64, 915 P.2d at 805; *see also Graveyard Creek Ranch, Inc. v. Bell*, 2005 MT 172, ¶¶ 12-15, 327 Mont. 491, ¶¶ 12-15, 116 P.3d 779, ¶¶ 12-15.

¶9    Here, too, we are unable to grant effective relief to Proponents or the State. Our decision in *Montanans for Justice* conclusively has invalidated the Secretary of State's certification of CI-97 for the November 2006 ballot.  *Montanans for Justice*, ¶¶ 83-88.  The Secretary of State's certification represents a condition precedent to qualifying CI-97 for the November 2006 ballot.  Sections 13-27-101, 308, MCA; *see also Montanans for Justice*, ¶¶ 85-88 (affirming the district court's invalidation of the Secretary of State's certification and instructing county administrators not to count the votes for CI-97).  We could not force the county administrators to count the votes cast for CI-97 during the November 2006 election even if we determined that the District Court had erred when it overruled the Attorney General's determination of "legal sufficiency."  *Montanans for Justice*, ¶ 87.  Proponents' appeal, therefore, presents a

4

moot question for which we can provide no effective relief. *Turner*, 276 Mont. at 64, 915 P.2d at 805.

¶10 A justiciable controversy is limited also to "one upon which the judgment of the court may effectively operate," as distinguished from a debate or argument that proposes a purely academic conclusion, or advisory opinion. *Montana-Dak. Util. Co. v. City of Billings*, 2003 MT 332, ¶ 9, 318 Mont. 407, ¶ 9, 80 P.3d 1247, ¶ 9, *modified*, *Havre Daily News, LLC v. City of Havre*, 2006 MT 215, ¶ 36, 333 Mont. 331, ¶ 36, 142 P.3d 864, ¶ 36. Our decision in *Montanans for Justice* ensures that any judgment here would have no effect on the rights of the parties and, thus, reduces the State's appeal to a request for an impermissible advisory opinion. *See Montana-Dak. Util. Co.*, ¶ 9.

¶11 The Proponents' and the State's appeals being non-justiciable,

¶12 IT IS HEREBY ORDERED that these appeals are DISMISSED WITH PREJUDICE.

¶13 The Clerk of Court shall mail a copy of this Opinion and Order to all counsel of record.

DATED this 27th day of October 2006.

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE