FILED

September 29 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0085

DA 15-0085

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 285

GATEWAY VILLAGE, LLC,

Plaintiff, Appellee
and Cross-Appellant,

v.

MONTANA DEPARTMENT OF ENVIRONMENTAL
QUALITY, GALLATIN GATEWAY COUNTY
WATER & SEWER DISTRICT,

Defendants, Appellants
and Cross-Appellees.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-13-657C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

For Appellant Montana Department of Environmental Quality:

Kirsten H. Bowers, Kurt R. Moser, Special Assistant Attorneys General,
Helena, Montana

For Appellant Gallatin Gateway County Water and Sewer District:

R. Allan Payne, Marc G. Buyske, Doney Crowley, P.C., Helena, Montana

For Appellee:

Brian K. Gallik, Gallik & Bremer, P.C., Bozeman, Montana

Matthew W. Williams, Williams & Jent, LLP, Bozeman, Montana

Submitted on Briefs: September 23, 2015
Decided: September 29, 2015

Filed:

_____

Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 This action arises out of a final administrative decision by the Montana Department of Environmental Quality (DEQ) to grant a wastewater discharge permit to the Gallatin Gateway County Water & Sewer District. Gateway Village, LLC—which owns real property adjacent to and down-gradient from the proposed activities—filed a petition for judicial review and a complaint for declaratory and injunctive relief. The Eighteenth Judicial District Court, Gallatin County, remanded the case to DEQ for additional analysis including preparation of an Environmental Impact Statement (EIS). In addition, the court denied the District's and DEQ's motions for summary judgment or dismissal of Gateway Village's trespass claim, declined to entertain the District's claim that it holds a prescriptive easement under Gateway Village's land, and denied Gateway Village's request for attorneys' fees. DEQ and the District appeal, and Gateway Village cross appeals. We affirm in part, vacate in part, and remand for further proceedings.

¶2 The issues on appeal are whether the District Court erred in its ruling on Gateway Village's trespass claim and in declining to entertain the District's claim that it holds a prescriptive easement under Gateway Village's land. On cross-appeal, Gateway Village argues the court erred in denying its claim for attorneys' fees. The parties have not appealed the District Court's decision requiring an EIS.

**BACKGROUND**

¶3 Because of the District Court's unchallenged remand of this matter to DEQ for preparation of an EIS, a detailed recitation of the facts is unnecessary. Very basically,

3

this case concerns a proposed wastewater treatment system in which the District would discharge up to 50,000 gallons of treated domestic wastewater each day into an underground mixing zone that underlies land owned by Gateway Village.

¶4     DEQ prepared an Environmental Assessment and, after review and consideration of public comments, approved the District's proposed wastewater system and issued a permit.  Gateway Village then filed this action in the District Court.  In addition to requesting judicial review of DEQ's issuance of the permit, Gateway Village affirmatively alleged that the discharge of waste water into groundwater extending under its surface property would constitute a common law trespass.  DEQ and the District each moved for partial summary judgment on and dismissal of the trespass claim, which motions were fully briefed and considered at a hearing before the District Court.

¶5     The District Court issued an extensive opinion in which it granted the petition for judicial review and, as indicated above, determined that further environmental analysis is necessary.  In addition, the court denied DEQ's and the District's motions for summary judgment or dismissal of Gateway Village's trespass claim, and denied Gateway Village's claim for attorneys' fees.

## DISCUSSION

¶6     *Whether the District Court erred in its ruling on Gateway Village's trespass claim and in declining to entertain the District's claim that it holds a prescriptive easement under Gateway Village's land.*

¶7     Based upon the administrative record in this case, the District Court ruled that the use of Gateway Village's property as the mixing zone for the District's wastewater system would constitute a trespass invading Gateway Village's rights.  Further, the court

4

declined to entertain the District's previously-unasserted claim that it enjoys a prescriptive easement under Gateway Village's property based on prior approval of an existing minor subdivision. DEQ and the District argue both of those rulings were error.

¶8 In light of the District Court's unchallenged ruling remanding this case to DEQ for preparation of an EIS, we will not consider either of these issues at this time. Preparation of an EIS will result in substantial changes and additions to the administrative record in this case. *See generally* § 75-1-201, MCA. At this point, it is speculative whether the District will be entitled to a discharge permit or, if so, what terms or conditions might be contained in such a permit. Further, because the outcome of the EIS is unknowable at present, the prospect that a claim of trespass or prescriptive easement will eventually be reasserted is also speculative. Therefore, any determination of either the trespass or the prescriptive easement question would be premature and advisory. It has long been the policy of this Court that we do not issue advisory opinions. *Not in Montana: Citizens Against CI-97 v. State*, 2006 MT 278, ¶ 7, 334 Mont. 265, 147 P.3d 174. We decline to do so in this case.

¶9 In May of this year, we denied Gateway Village's motion to dismiss DEQ's and the District's appeal. In our order denying the motion to dismiss, we stated "the decision that a trespass will occur with any discharge of waste water into groundwater presents a justiciable controversy which is divisible from the rest of the District Court's order." After further review of the record and the full briefing of the parties, we have reached a different conclusion. We further conclude that, having remanded this case for

5

preparation of an EIS, the District Court should have declined to address the trespass claim as well.

¶10 For the reasons stated above, we vacate the portion of the District Court's order addressing the trespass claim.

¶11 *Whether the District Court erred in denying Gateway Village's claim for attorneys' fees.*

¶12 Gateway Village sought to recover its fees and costs incurred in the District Court action under the private attorney general doctrine. That doctrine applies when "the government, for some reason, fails to properly enforce interests which are significant to its citizens." *In re Dearborn Drainage Area*, 240 Mont 39, 43, 782 P.2d 898, 900 (1989). Courts evaluate three factors when considering a request for attorneys' fees under the private attorney general doctrine: (1) the strength or societal importance of the public policy vindicated by the litigation; (2) the necessity for private enforcement and the magnitude of the resultant burden on the plaintiff; and (3) the number of people standing to benefit from the decision. *Montanans for the Responsible Use of the School Trust v. State ex rel. Bd. of Land Comm'rs*, 1999 MT 263, ¶¶ 66-67, 296 Mont. 402, 989 P.2d 800.

¶13 In this case, the District Court acknowledged the constitutional importance of protecting Montana's environment and water quality. The court declined, however, to award Gateway Village its fees and costs. It reasoned that the private attorney general doctrine has been invoked only sparingly and that, in this case, only landowners in the

6

Gateway area would stand to benefit from Gateway Village's efforts and that DEQ neither mounted a frivolous defense nor acted in bad faith in this matter.

¶14 Gateway Village asserts the District Court used a "counting of noses" approach which is not a sufficient touchstone for denying recovery of fees. It asks this Court to reverse the District Court's denial of attorneys' fees and to remand for a hearing on an award of reasonable fees and costs.

¶15 An appellate court reviews a district court's ruling granting or denying attorneys' fees under the private attorney general doctrine for abuse of discretion. *Western Tradition P'ship v. Att'y Gen.*, 2012 MT 271, ¶ 7, 367 Mont. 112, 291 P.3d 545. "In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but, rather, did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice." *Montanans for the Responsible Use of the School Trust*, ¶ 68.

¶16 We agree with the District Court that down-gradient land owners are a relatively narrow class of persons. For that reason, and for the other reasons cited by the District Court, we conclude the court did not abuse its discretion in denying Gateway Village's request for attorneys' fees.

¶17 The pending motion to strike a portion of the reply brief is denied as moot.

¶18 Affirmed in part, vacated in part, and remanded.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ BETH BAKER