No. 96-724

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

CHERYL H. KELLEHER, and Others Similarly Situated, a Class,

Plaintiffs and Appellants,

v.

BOARD OF SOCIAL WORK EXAMINERS AND LICENSED
PROFESSIONAL COUNSELORS, DEPARTMENT OF COMMERCE;
MARY MEIS; C. JAMES ARMSTRONG; ANTOINETTE F. ROSELL;
PATRICK WOLBERD; ERVIN BOOTH; LETA A. LIVOTI; and
RICHARD A. SIMONTON, Members of said Board; ALLAN ELLIOTT,
Director of the Department of Commerce,

Defendants and Respondents.

APPEAL FROM:   District Court of the Second  Judicial District,
In and for the County of Silver Bow
The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Robert C. Kelleher, Kelleher Law Office, Butte, Montana

For Respondents:

Carol Grell, Special Assistant Attorney General, Department
of Commerce, Helena, Montana

Submitted on Briefs: May 30, 1997

Decided:   June 17, 1997
Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

Cheryl Kelleher appeals from the order of the Second Judicial District Court, Silver Bow County, denying her motion for costs and attorney fees arising from her petition for writ of mandamus based on the doctrine of laches. We reverse and remand to the District Court.

The issue on appeal is whether the District Court erred in concluding that Kelleher is barred by the doctrine of laches from asserting her claim for allowance of costs and attorney fees in bringing a petition for writ of mandamus.

STATEMENT OF FACTS

On June 30, 1992, Cheryl Kelleher filed an application with the Board of Social Work Examiners and Licensed Professional Counselors ("Board") to sit for the September 4, 1992, professional counselor examination. The application was submitted to the application review committee on July 13, 1992. The committee determined the application contained certain deficiencies, and notified Kelleher of these deficiencies and her right to appeal their determination that she could not sit for the September exam. Kelleher filed a complaint for damages and petition for writ of mandamus and application for preliminary injunction. The complaint included a prayer for an award of reasonable attorney fees and costs.

After a show cause hearing was held on August 19, 1992, the District Court entered its findings of fact, conclusions of law, order and memorandum. The court directed the Board to allow Kelleher to sit for the scheduled September 1992 examination. No further communication from Kelleher was received by the Board until May 1996 when she attempted to serve discovery documents regarding her demand for attorney fees. Kelleher subsequently moved the court for summary judgment on the issues of costs and attorney fees. A hearing was held on this motion on September 26, 1996. After the conclusion of the hearing, the District Court entered an order stating that although Kelleher was entitled to an award of damages pursuant to  27-26-402, MCA, she was barred from recovering damages by the doctrine of laches. Kelleher appeals from this order.

DISCUSSION

Did the District Court err in concluding that Kelleher is barred by the doctrine of laches from asserting her claim for allowance of costs and attorney fees in bringing a petition for writ of mandamus?

The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

Kelleher asserts that the doctrine of laches does not apply because her actions

in seeking relief were not negligent and the Board has suffered no prejudice from the delay. The Board contends that Kelleher did sleep on her rights and, therefore, fails to meet the statute requiring vigilance in pursuing a claim. The Board further argues that it has been prejudiced by Kelleher's delay.

Section 1-3-218, MCA, provides that "[t]he law protects the vigilant before those who sleep on their rights." Laches is a concept of equity that can apply when a person is negligent in asserting a right, and can apply where there has been an unexplained delay of such duration or character as to render the enforcement of the asserted rights inequitable. In re Marriage of Hahn and Cladouhos (1994), 263 Mont. 315, 318, 868 P.2d 599, 601; Filler v. Richland County (1991), 247 Mont. 285, 290, 806 P.2d 537, 540.

In addressing the Board's claim of laches, we do not need to reach the issue of whether Kelleher was negligent in pursuing her right to collect fees and costs, nor do we need to address her explanations of this delay. In order to apply the doctrine of laches, a showing must be made that the passage of time has prejudiced the party asserting laches or has rendered the enforcement of a right inequitable. Helena Aerie No. 16, F.O.E. v. Department of Revenue (1991), 251 Mont. 77, 81, 822 P.2d 1057, 1059; Brabender v. Kit Mfg. Co. (1977), 174 Mont. 63, 67-68, 568 P.2d 547, 549. Each case must be determined on its own unique facts. Hahn, 868 P.2d at 601; Filler, 806 P.2d at 540.

The Board offers four examples of how it was prejudiced by Kelleher's delay in asserting her right to attorney fees and costs. First, it argues that the Board member composition has changed, causing testimony from members involved in the original license application process to be lost. Second, the Board argues that it has implemented rule changes which affect the method of evaluating applications and has caused the process in Kelleher's case to be clouded. The Board next asserts that due to the passage of time it has lost the ability to recreate the time involved by its own staff and by counsel for Kelleher. Finally, the Board contends that it has suffered prejudice because it has passed through several biennial budgeting processes without the knowledge of the substantial claim for costs and attorney fees.

We do not find these assertions to constitute the required showing of prejudice for application of the doctrine of laches. The issue of an award or determination of fees and costs does not require any inquiry into the license application process itself. The Board does not need to recreate, nor can it reconstruct the time expended by Kelleher's

counsel, as it is not within the knowledge of the Board. The time involved in this matter by the Board's staff is irrelevant to the determination of Kelleher's attorney fees and costs. The Board's assertion that it has completed several budgeting processes since the original petition was granted does not demonstrate any prejudice. Furthermore, the Board is presumed to be aware of the law. Federal Land Bank of Spokane v. Gallatin County (1929), 84 Mont. 98, 274 P. 288. It is clear that under 27-26-402, MCA, a party who is successful in obtaining a writ of mandamus is entitled to damages. These damages under 27-26-402, MCA, may include attorney fees and costs. Kadillak v. Department of State Lands (1982), 198 Mont. 70, 74, 643 P.2d 1178, 1181. The Board, thus, is charged with the knowledge that Kelleher had a pending right to claim attorney fees and costs arising from her successful petition for writ of mandamus.

We hold, therefore, that with no showing of actual prejudice, Kelleher is not barred by the doctrine of laches from recovering her fees and costs arising from her petition for writ of mandamus. We reverse and remand to the District Court for a determination and award of the attorney fees and costs.

/S/  JIM REGNIER

We Concur:

/S/  J. A.  TURNAGE
/S/  W. WILLIAM LEAPHART
/S/  JAMES C. NELSON
/S/  TERRY N. TRIEWEILER