JUSTICE BAKER
delivered the Opinion of the Court.
¶1 This matter returns to the Court for determination of the Cross-Appellants’ appeal from the District Court’s rejection of their claim for attorneys’ fees. In the previous appeal, we reversed the District Court’s grant of summary judgment for the Cross-Appellants and held that their cross-appeal on the attorneys’ fee issue was moot. Western Tradition Partn., Inc. v. Atty. Gen., 2011 MT 328, ¶ 48, 363 Mont. 220, 271 P.3d 1. Our decision thereafter was reversed by the United States Supreme Court. American Tradition Partn., Inc. v. Bullock, 567 U.S. _, 132 S. Ct. 2490 (2012) (per curiam). On motion of the Cross-Appellants, we agreed to consider the attorneys’ fee issue based on the briefing previously submitted to this Court. We now affirm.
FACTUAL AND PROCEDURAL BACKGROUND
¶2 The procedural history of this case is set forth in detail in the Court’s previous opinion. Western Tradition Partn., ¶¶ 2-33. Briefly stated, Plaintiffs Western Tradition Partnership-now known as American Tradition Partnership-Champion Painting, and Montana Shooting Sports Foundation (collectively referred to as ATP) sought a declaratory ruling that § 13-35-227(1), MCA, violated their rights to free speech guaranteed by the United States and Montana Constitutions by prohibiting political expenditures by corporations on *114 behalf of or opposing candidates for public office. ATP argued that the U.S. Supreme Court’s decision in Citizens United v. FEC, 558 U.S. 310, 130 S. Ct. 876 (2010), barred Montana from prohibiting independent and indirect corporate expenditures on political speech, and that Montana’s century-old ban on independent corporate expenditures therefore was invalid.
¶3 The Attorney General defended the law’s constitutionality on the grounds that the law invalidated in Citizens United was distinguishable from the Montana statute, that corporate rights could not be asserted against states in the same manner as against Congress, and that Montana has a compelling interest in requiring business corporations to use segregated funds for campaign expenditures. The Attorney General argued that § 13-35-227(1), MCA, is narrowly tailored because it still allows for lobbying, testimony, and other direct contacts and that the Commissioner of Political Practices has interpreted the law to exclude voluntary associations.
¶4 The District Court entertained the parties’ cross-motions for summary judgment. ATP’s motion included a request for attorneys’ fees under the Uniform Declaratory Judgments Act (UDJA), §§ 27-8-101 et seq., MCA, and under the private attorney general doctrine, first recognized by this Court in In re Dearborn Drainage Area, 240 Mont. 39, 43, 782 P.2d 898, 900 (1989). The court granted ATP’s motion for summary judgment on the merits of its constitutional claim, denied the State’s motion for summary judgment, declared § 13-35-227(1), MCA, unconstitutional, enjoined enforcement of the statute, and denied ATP’s request for attorneys’ fees. The Attorney General appealed the District Court’s summary judgment rulings and ATP appealed the denial of its request for attorneys’ fees.
¶5 On appeal, this Court reversed. A majority of the Court agreed with the Attorney General’s position that Citizens United did not foreclose Montana from prohibiting independent corporate expenditures on behalf of candidates. Based on the record developed in the District Court, this Court concluded that the State had a compelling interest that justified the imposition of statutory restrictions that the Court determined were narrowly tailored to meet its objectives. Western Tradition Partn., ¶¶ 47-48. We did not reach ATP’s claim for fees, as it was mooted by our reversal of the District Court’s summary judgment ruling. Western Tradition Partn., ¶ 48. Two members of the Court dissented on the ground that Montana’s statute did not pass constitutional muster under Citizens United. Western Tradition Partn., ¶¶ 49-60 (Baker, J., dissenting), ¶¶ 61-135 *115 (Nelson, J., dissenting). The U.S. Supreme Court summarily reversed, ruling that “[t]here can be no serious doubt” that the holding of Citizens United applies to the Montana statute. American Tradition Partn., 567 U.S. at_, 132 S. Ct. at 2491.
¶6 We return now to ATP’s cross-appeal and consider whether it is entitled to recover its attorneys’ fees from the State of Montana under either the UDJA or the private attorney general doctrine.[1] ATP seeks a total award of $138,403.01.
STANDARD OF REVIEW
¶7 We review for abuse of discretion a district court’s ruling granting or denying attorneys’ fees under either the UDJA or the private attorney general doctrine. Bitterroot River Protective Ass’n v. Bitterroot Conserv. Dist., 2011 MT 51, ¶¶ 9-10, 359 Mont. 393, 251 P.3d 131.
DISCUSSION
¶8 Did the District Court abuse its discretion in declining to award attorneys’ fees ?
¶9 Montana follows the American Rule that, absent a specific statutory or contractual provision, a prevailing party generally is not entitled to recovery of its attorneys’ fees in prosecuting or defending the action. Trustees of Ind. Univ. v. Buxbaum, 2003 MT 97, ¶ 19, 315 Mont. 210, 69 P.3d 663. We have recognized equitable exceptions to the American Rule, Buxbaum, ¶ 19, but construe these exceptions narrowly “lest they swallow the rule.” Jacobsen v. Allstate Ins. Co., 2009 MT 248, ¶ 23, 351 Mont. 464, 215 P.3d 649. We have rejected the expansion of such equitable exceptions when the effect would “drive a stake into the heart of the American Rule.” Jacobsen, ¶ 22 (quoting Mountain West Farm Bureau Mut. Ins. Co. v. Brewer, 2003 MT 98, ¶ 40, 315 Mont. 231, 69 P.3d 652).
1. Statutory Basis for Fees
¶10 Montana law provides that a prevailing party may recover attorneys’ fees against the State of Montana only if “the court finds that the claim or defense of the state ... was frivolous or pursued in bad faith.” Section 25-10-711(l)(b), MCA. A claim or defense is frivolous or in bad faith “when it is ‘outside the bounds of legitimate argument on *116 a substantial issue on which there is a bona fide difference of opinion.’” Ostergren v. Dept. of Revenue, 2004 MT 30, ¶ 23, 319 Mont. 405, 85 P.3d 738 (quoting Jones v. City of Billings, 279 Mont. 341, 344, 927 P.2d 9, 11 (1996), and Armstrong v. State, Dept. of Justice, 250 Mont. 468, 469-70, 820 P.2d 1273, 1274 (1991)). In this case, the District Court did not find the Attorney General’s position to be frivolous or in bad faith. To the contrary, the court determined that the State’s arguments “were made in good faith and were supported by briefs that were meticulously researched, well written, and well argued.”
¶11 ATP argues that, despite its finding of good faith, the District Court erred by failing to award fees under § 27-8-313, MCA, which serves as statutory authority for an award of fees in this case. That section does not specifically provide for an award of attorneys’ fees to a prevailing party, but does give a court the ability to grant “supplemental relief’ in a case brought under the Uniform Declaratory Judgments Act when the court determines such relief to be “necessary or proper.” Wagner v. Woodward, 2012 MT 19, ¶ 31, 363 Mont. 403, 270 P.3d 21 (citing Buxbaum, ¶ 42). While § 27-8-313, MCA, may provide a statutory basis for awarding fees, its reach is narrow. In order to avoid “eviscerat[ing]” the American Rule, we have determined that an award of fees to the prevailing party is not warranted “in every garden variety declaratory judgment action[.]” Mungas v. Great Falls Clinic, LLP, 2009 MT 426, ¶ 44, 354 Mont. 50, 221 P.3d 1230.
¶12 Accordingly, we have required courts analyzing a claim for fees in a declaratory judgment proceeding to make a threshold determination that equitable considerations support an award of attorneys’ fees. Mungas, ¶ 45; Hughes v. Ahlgren, 2011 MT 189, ¶¶ 13, 21, 361 Mont. 319, 258 P.3d 439; United Nat’l Ins. Co. v. St. Paul Fire & Marine Ins. Co., 2009 MT 269, ¶ 39, 352 Mont. 105, 214 P.3d 1260. If that threshold determination is met, we apply a three-part “tangible parameters test” to determine whether an award of fees is necessary or proper as required by § 27-8-313, MCA. Renville v. Farmers Ins. Exch., 2004 MT 366, ¶ 27, 324 Mont. 509, 105 P.3d 280.[2] The District Court concluded that, although the Uniform Declaratory Judgments Act provided authority for an award of fees, the court did not find it “necessary and proper to do so in this case.” Because equitable *117 considerations also inform the analysis of ATP’s claim for fees under the private attorney general doctrine, we will consider these arguments together.
2. Private Attorney General Doctrine
¶13 The private attorney general doctrine is one of a handful of equitable exceptions this Court has recognized to the American Rule. Buxbaum, ¶ 19. This doctrine “is normally utilized when the government, for some reason, fails to properly enforce interests which are significant to its citizens.” Montanans for the Responsible Use of the Sch. Trust v. State ex rel. Bd. of Land Comm’rs (Montrust), 1999 MT 263, ¶ 64, 296 Mont. 402, 989 P.2d 800 (quoting Dearborn Drainage Area, 240 Mont. at 43, 782 P.2d at 900). It, too, has been invoked sparingly. Since first recognizing the doctrine in 1989, we have only twice used it to award or uphold the award of fees, and just once to a party prevailing against the State. Montrust, ¶ 69 (fees awarded against the State); Bitterroot River Protective Ass’n, ¶ 37 (upholding award of fees against private parties).
¶14 We held in Montrust that three factors should be considered in determining whether to award fees under the private attorney general doctrine: “(1) the strength or societal importance of the public policy vindicated by the litigation, (2) the necessity for private enforcement and the magnitude of the resultant burden on the plaintiff, (3) the number of people standing to benefit from the decision.” Montrust, ¶ 66 (quoting Serrano v. Priest, 569 P.2d 1303, 1314 (Cal. 1977)). We have limited the award of fees under the doctrine to cases “vindicating constitutional interests.” Bitterroot River Protective Ass’n, ¶ 22. We have declined to apply the doctrine when the litigation primarily served a party’s own pecuniary interests. Sunburst Sch. Dist. No. 2 v. Texaco, Inc., 2007 MT 183, ¶ 91, 338 Mont. 259, 165 P.3d 1079. We also consider whether an award of fees would be unjust under the circumstances. Finke v. State ex rel. McGrath, 2003 MT 48, ¶ 33, 314 Mont. 314, 65 P.3d 576.
¶15 ATP argues that it has vindicated important free speech rights that benefit all Montana citizens and corporations and will result in adding more thoughts and views to the state’s political discourse. The Attorney General, conversely, argues that there is substantial overlap between ATP’s view of the public interest and its own pecuniary interests, and that the District Court was justified in declining to award fees in this case.
¶16 The constitutional principles underlying this litigation cannot be doubted. The U.S. Supreme Court’s order reaffirmed that “political *118 speech does not lose First Amendment protection simply because its source is a corporation.” ATP v. Bullock, 567 U.S. at_, 132 S. Ct. at 2491 (quoting Citizens United, 558 U.S. at_, 130 S. Ct. at 900). Our cases applying the private attorney general doctrine reflect the caution, however, “that the first factor not become for courts ‘assessments of the relative strength or weakness of public policies furthered by their decisions ... a role closely approaching that of the legislative function.’ ” Bitterroot Protective Ass’n, ¶ 22 (quoting Serrano, 569 P.2d at 1314). The separation of powers between the branches requires us to use the same caution to avoid interference with the executive function as well.
¶17 “The Attorney General is the legal officer of the state and shall have the duties and powers provided by law.” Mont. Const. art. VI, § 4(4). It is the duty of the Attorney General “to prosecute or defend all causes in the supreme court in which the state or any officer of the state in the officer’s official capacity is a party or in which the state has an interest.” Section 2-15-501(1), MCA. As an executive officer of the State of Montana, the Attorney General determines when to prosecute or to defend cases in which the State has an interest. Thus, if a challenge is brought to a state statute, the Attorney General has discretion to decide whether or not to defend its constitutionality. See In re W.C., 206 Mont. 432, 439, 671 P.2d 621, 624 (1983) (Attorney General does not have a duty to appear in every action concerning constitutionality of a statute); Associated Press v. State of Mont. 250 Mont. 299, 820 P.2d 421 (1991) (noting Attorney General’s concession that challenged statute was unconstitutional). The courts necessarily must use caution in awarding fees against the State in a “garden variety” declaratory judgment action that challenges the constitutionality of a statute that the Attorney General, in the exercise of his executive power, has chosen to defend.
¶18 The legislature has cabined this executive discretion by authorizing the courts to impose fees when the State’s defense is frivolous or in bad faith. Section 25-10-711(l)(b), MCA. While not dispositive, this standard also serves as a guidepost in analyzing a claim for fees under the private attorney general doctrine. This Court reversed a fee award in Dearborn Drainage Area where, notwithstanding the ruling’s potential “far reaching” effects, the State, through the Department of Fish, Wildlife and Parks, had “acted in good faith and in accordance with constitutional and statutory mandates” in representing the public’s recreational use rights in the waters of Bean Lake. Dearborn Drainage Area, 240 Mont. at 43, 782 *119 P.2d at 900. In Montrust, on the other hand, we implied that since the private attorney general doctrine is an equitable exception to the American Rule, the statute was not controlling. Montrust, ¶ 64.
¶19 Montrust, however, was not a “garden variety” constitutional challenge to a legislative enactment. It involved unique issues raising the State’s breach of fiduciary duties imposed by the Montana Constitution and federal enabling laws under which the federal government’s grant of lands to Montana for support of common schools constitutes a trust for which the State is the trustee. Montrust, ¶¶ 13-14. As trustee, the State is obligated to obtain full market value for the school trust lands; the statutes in question were held to violate the State’s constitutional obligation and its duty of undivided loyalty to the trust beneficiary. Montrust, ¶¶ 14, 32, 42, 51, 58. In contrast, we observed in Finke that fees against the State would not be appropriate under the private attorney general doctrine where “the only potential liability of the State for fees would lie for the actions of the Legislature in enacting an unconstitutional bill.” Finke, ¶ 34.
¶20 In this case, the District Court did not abuse its discretion in determining that the State mounted a good faith defense to § 13-35-227(1), MCA. While the Attorney General did not prevail, it is difficult to conclude that his arguments were frivolous when five members of this Court were convinced of their merit. In the final analysis, even though ATP vindicated principles of constitutional magnitude, the State’s defense also was grounded in constitutional principles and in an effort to enforce interests the executive deemed equally significant to its citizens. The Attorney General defended a statute with deep roots in the State’s history, enacted by initiative of the people to combat corruption that had resulted in the bribery of state judges and the embarrassment of seeing one of the State’s U.S. Senators unseated for also accepting bribes. Western Tradition Partn., ¶¶ 23, 25. The challenge was brought in a time of shifting legal landscapes, the contours of which still have not finally been defined. Under these circumstances, the predicate for an award of fees under the private attorney general doctrine-“when the government, for some reason, fails to properly enforce interests which are significant to its citizens”-has not been established.
CONCLUSION
¶21 We reverse a district court for abusing its discretion only “when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason[,] resulting in substantial *120 injustice.” B Bar J Ranch, LLC v. Carlisle Wide Plank Floors, Inc., 2012 MT 246, ¶ 10, 366 Mont. 506, 288 P.3d 228. For the reasons discussed above, and given the District Court’s express determination that the State’s defense was meticulously researched, well presented, and made in good faith, we cannot conclude that equitable considerations required it to award fees against the State under either the Uniform Declaratory Judgments Act or the private attorney general doctrine.
¶22 The District Court’s order declining to award attorneys’ fees to the Cross-Appellants is affirmed.
CHIEF JUSTICE McGRATH, JUSTICES WHEAT, COTTER, MORRIS and RICE concur.

 Although ATP’s renewed motion for fees also seeks a fee award under 42 U.S.C. § 1988, as prevailing parties in a proceeding to enforce 42 U.S.C. § 1983, this argument was not raised in or decided by the District Court and we decline to consider it. Robison v. Mont. Dep’t of Revenue, 2012 MT 145, ¶ 26, 365 Mont. 336, 281 P.3d 218.

 The three factors are “(1) an insurance company possesses what the plaintiffs sought in the declaratory relief action; (2) it is necessary to seek a declaration showing that the plaintiffs are entitled to the relief sought; and (3) the declaratory relief sought was necessary in order to change the status quo.” Renville, ¶ 27.