FILED

02/27/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0300

DA 17-0300

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 32

DALE J. DAVIS, VINCENT G. KEOGH, GARY
HOUSMAN, TOM E. JENKIN, JOE E. ADAMS,

      Petitioners and Appellants,

  v.

THE JEFFERSON COUNTY ELECTION OFFICE,
BONNIE RAMEY, in her official capacity as
Jefferson County Election Administrator,
and LYNN NEMETH,

      Respondents and Appellees.

APPEAL FROM:    District Court of the Fifth Judicial District,
                In and For the County of Jefferson, Cause No. DV 2016-53
                Honorable Katherine Bidegaray, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

             Edward J. Guza, E.J. Guza & Associates, PLC, Bozeman, Montana

        For Appellees:

             David L. Vicevich, Vicevich Law, Butte, Montana
             (*Attorney for Lynn Nemeth*)

             Steven C. Haddon, Jefferson County Attorney, Boulder, Montana
             (*Attorney for Bonnie Ramey*)

                        Submitted on Briefs:  January 10, 2018
                              Decided:  February 27, 2018

Filed:

_____
                    Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Dale J. Davis, Vincent G. Keogh, Gary Housman, Tom E. Jenkin, and Joe E. Adams appeal from orders of the Fifth Judicial District Court, Jefferson County, denying them attorney fees, costs, and disbursements.  We affirm and restate the issues on appeal as:

> 1.  *Did the District Court err in concluding that the Elected Officers were not entitled to attorney fees from either Jefferson County or Nemeth under the Uniform Declaratory Judgments Act, § 27-8-313, MCA?*
>
> 2.  *Did the District Court abuse its discretion in concluding that the Elected Officers were not entitled to attorney fees or costs from Jefferson County under § 25-10-711(1)(b), MCA?*
>
> 3.  *Did the District Court err in concluding that the Elected Officers were not entitled to their costs from Nemeth under § 25-10-101(8), MCA?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     In April 2016, Davis was the mayor of Whitehall, Montana, and the Town Council consisted of six members, including Keogh, Housman, Jenkin, and Adams.  The Town Council held a public meeting at which it discussed and voted on a matter relating to the town's ambulance service.  The matter was not listed on the meeting's previously published agenda.  The impromptu discussion and vote troubled Lynn Nemeth, a Whitehall resident and qualified elector, and she sought a recall election to determine whether Davis, Keogh, Housman, Jenkin, and Adams (together, the Elected Officers) should be recalled from their respective positions before the end of their terms.  In Montana, the Montana Recall Act, §§ 2-16-601 to -635, MCA, governs recall elections and requires an elector seeking a recall election to produce a recall petition and a

2

circulation sheet for each elected officer she wishes to recall. To effectuate her desired recall election, Nemeth prepared five sets of documents seeking recall of the Elected Officers. Sections 2-16-616 and -617, MCA, provide suggested forms for recall petitions, which must contain a general statement of the reasons for seeking recall, and circulation sheets. The suggested forms are not mandatory and the documents are considered sufficient if they substantially follow the forms. Section 2-16-618, MCA.

¶3 Nemeth provided a sample of her recall petitions and circulation sheets to Bonnie Ramey, Jefferson County Election Administrator, for approval as is required by § 2-16-617(3), MCA. Ramey consulted a deputy county attorney from Lewis and Clark County who aided in determining that Nemeth's documents were sufficient. As Nemeth collected the requisite number of signatures from other qualified electors, she brought with her and distributed a "fact sheet." The fact sheet mentioned other matters, additional to those contained in the petitions, as reasons Nemeth sought to recall the Elected Officers. Jefferson County verified the signatures and subsequently notified the Elected Officers that a recall election would occur.

¶4 The Elected Officers objected to the recall election based, in part, on their observations that Nemeth's recall petitions and circulation sheets did not substantially conform to the statutory forms. The Elected Officers discussed the alleged deficiencies with Jefferson County in an attempt to resolve the problem prior to litigation. Dialogue between the parties was unsuccessful, however, and the Elected Officers filed an application for injunctive relief in District Court, naming Jefferson County as the only respondent and asking the court to enjoin the recall election pursuant to § 2-16-615,

3

MCA. Section 2-16-615(2), MCA, provides that a court may enjoin certification, printing, or recall election based on a showing that a filed petition is statutorily insufficient. As the case proceeded, the Elected Officers amended their original application for injunctive relief twice, adding Nemeth as a party to the proceeding and including a petition for declaratory judgment pursuant to the Uniform Declaratory Judgments Act (UDJA). In the amended filings, the Elected Officers requested that the court declare the recall petitions legally insufficient and thus invalid and grant them attorney fees and costs. The Elected Officers alleged that Nemeth inappropriately filed, and Ramey improperly approved, the nonconforming documents.

¶5 Nemeth eventually stated her intention to voluntarily withdraw the recall petitions. The Elected Officers supported Nemeth's decision and requested that Nemeth and Jefferson County pay their attorney fees and costs. Nemeth and Jefferson County refused, and, consequently, the Elected Officers continued to pursue their action for injunctive relief and declaratory judgment. Ultimately, the District Court analyzed Nemeth's recall petitions and circulation sheets and found that the documents did not substantially conform to the statutory forms. Accordingly, the court granted the Elected Officers' petition for injunctive relief and declaratory judgment. That decision is not at issue on appeal.

¶6 In its order granting injunctive relief and declaratory judgment, the District Court issued three conclusions of law regarding the Elected Officers' requests for attorney fees and costs. It noted that the Elected Officers may have a right to attorney fees and costs pursuant to either §§ 27-8-313 or 25-10-711, MCA, but requested additional briefing

4

before issuing its final judgment on the matter. Once the parties submitted their briefing, the court held a telephonic conference to discuss the matter. The parties agreed that the issue of whether attorney fees and costs should be awarded was a matter of law that could be decided separately from the issue of how much should be awarded. Therefore, the court decided that it would first decide whether the Elected Officers were entitled to attorney fees and costs, and then, if it decided they were, would later decide whether the requested fees and costs were reasonable. The parties agreed to the court's approach.

¶7      The District Court ultimately decided, based on the briefing, that the Elected Officers were not entitled to attorney fees or costs. The court issued two orders denying the Elected Officers' requests. One order denied attorney fees for "the reasons Ramey and Nemeth argue." The other order denied costs and disbursements for "the reason argued in Nemeth's Answer Brief that there is no legal basis for taxing costs against Nemeth." The Elected Officers appeal those orders, seeking reimbursement from Nemeth and Jefferson County.

**STANDARD OF REVIEW**

¶8      This Court reviews for correctness a district court's determination of whether legal authority exists to award attorney fees, as it is a conclusion of law. *Mlekush v. Farmers Ins. Exch.*, 2015 MT 302, ¶ 8, 381 Mont. 292, 358 P.3d 913; *City of Helena v. Svee*, 2014 MT 311, ¶ 7, 377 Mont. 158, 339 P.3d 32; *Braach v. Graybeal*, 1999 MT 234, ¶ 6, 296 Mont. 138, 988 P.2d 761; *Tanner v. Dream Island*, 275 Mont. 414, 429, 913 P.2d 641, 650 (1996) (stating that this Court's review of a district court's legal conclusion that no legal basis exists to award attorney fees is plenary). If legal authority to award attorney

5

fees exists, this Court reviews a district court's decision to grant or deny attorney fees for an abuse of discretion. *Svee*, ¶ 7; *Wohl v. City of Missoula*, 2013 MT 46, ¶ 29, 369 Mont. 108, 300 P.3d 1119; *Western Tradition P'ship v. AG of Mont.*, 2012 MT 271, ¶ 7, 367 Mont. 112, 291 P.3d 545 (stating that this Court reviews a district court's decision to grant or deny attorney fees under the UDJA for an abuse of discretion); *Slack v. Landmark Co.*, 2011 MT 292, ¶ 15, 362 Mont. 514, 267 P.3d 6 (stating that this Court reviews a district court's decision to grant or deny attorney fees under § 25-10-711, MCA, for an abuse of discretion).

¶9   Similarly, a district court's interpretation of a statute in determining whether a party is entitled to costs is a question of law this Court reviews for correctness and an order concerning costs is reviewed for an abuse of discretion. *Total Indus. Plant Servs., Inc. v. Turner Indus. Grp., LLC*, 2013 MT 5, ¶ 61, 368 Mont. 189, 294 P.3d 363.

## DISCUSSION

¶10   Montana follows the American Rule regarding payment of attorney fees—that each party is generally responsible for its own. *Western Tradition P'ship*, ¶ 9.  Thus, a prevailing party is normally not entitled to recover its attorney fees. *Trs. of Ind. Univ. v. Buxbaum*, 2003 MT 97, ¶ 19, 315 Mont. 210, 69 P.3d 663.   There are equitable exceptions to the general rule, but this Court consistently construes those exceptions narrowly to ensure they do not overtake the rule. *Jacobsen v. Allstate Ins. Co.*, 2009 MT 248, ¶ 23, 351 Mont. 464, 215 P.3d 649.  One exception is where statutory or contractual authority exists to support an award of attorney fees. *Svee*, ¶ 18.  The Elected Officers

6

allege they should recover attorney fees and costs from both Jefferson County and Nemeth under various statutes, which we address in turn.

¶11 *1. Did the District Court err in concluding that the Elected Officers were not entitled to attorney fees from either Jefferson County or Nemeth under the Uniform Declaratory Judgments Act, § 27-8-313, MCA?*

¶12 Declaratory judgments in Montana are governed by the UDJA, §§ 27-8-101 to -313, MCA. Under the UDJA, a court may grant a party supplemental relief "whenever necessary or proper." Section 27-8-313, MCA. Such supplemental relief may include an award of attorney fees. *Mont. Immigrant Justice Alliance v. Bullock*, 2016 MT 104, ¶ 48, 383 Mont. 318, 371 P.3d 430; *Mungas v. Great Falls Clinic, LLP*, 2009 MT 426, ¶ 43, 354 Mont. 50, 221 P.3d 1230. However, the scope of an award of attorney fees under § 27-8-313, MCA, is narrow, as the statute serves as an exception to the general rule that each party pay its own attorney fees. *Western Tradition P'ship*, ¶ 11. Thus, an award of attorney fees under the UDJA is not justified "in every garden variety declaratory judgment action," *Mungas*, ¶ 44, and an award is only appropriate where such relief is "necessary or proper," § 27-8-313, MCA.

¶13 The threshold consideration in determining whether an award of attorney fees is necessary or proper under § 27-8-313, MCA, is whether equitable considerations support the award. *Mont. Immigrant Justice Alliance*, ¶ 50; *United Nat'l Ins. Co. v. St. Paul Fire Marine Ins. Co.*, 2009 MT 269, ¶ 38, 352 Mont. 105, 214 P.3d 1260. If the equities support an award, we then apply a three-part "tangible parameters test" adopted by this Court in *Trustees of Indiana University v. Buxbaum*, ¶¶ 43-45, to determine whether an award of attorney fees is necessary or proper under § 27-8-313, MCA. *Svee*, ¶ 22

7

(reiterating that the tangible parameters test is not limited to the insurance context and that an award of attorney fees may be necessary or proper under the UDJA in other contexts).

¶14 The Elected Officers contend that they are entitled to attorney fees from both Jefferson County and Nemeth under § 27-8-313, MCA. The Elected Officers have not advanced a claim for attorney fees pursuant to the Montana Recall Act. Nemeth responds that the Montana Recall Act serves as an effective bar to an award of attorney fees and costs under the UDJA in this case. She points to a section of the Montana Recall Act that states:

> If the . . . county election administrator . . . refuses to accept and file any petition for recall with the proper number of signatures of qualified electors, any elector may within 10 days after such refusal apply to the district court for a writ of mandamus. If it is determined that the petition is sufficient, the district court shall order the petition to be filed with a certified copy of the writ attached thereto, as of the date when it was originally offered for filing. On a showing that any filed petition is not sufficient, the court may enjoin certification, printing, or recall election.

Section 2-16-615(2), MCA. Nemeth emphasizes that the statute differentiates between types of actions. On one hand, an elector can petition for a writ of mandamus to compel an election office to accept a valid petition. On the other hand, an elected officer can petition for injunctive relief to challenge the sufficiency of a filed petition and ask the court to enjoin a recall election.

¶15 Our prior case law acknowledges the difference Nemeth identifies. In *Braach v. Graybeal*, we clarified that attorney fees may be available for an elector seeking a writ of mandamus to compel acceptance of a valid petition. Our conclusion was based on the

8

fact that attorney fees are available at common law in a successful action for a writ of mandamus. *Braach*, ¶ 15 (relying on *Kelleher v. Board of Soc. Work Exam'rs*, 283 Mont. 188, 192, 939 P.2d 1003, 1006 (1997)). We also recognized that attorney fees are not available at common law in actions for injunctive relief. *Braach*, ¶¶ 15-17 (endorsing this Court's reasoning in *Sheehy v. Ferda*, 235 Mont. 63, 71, 765 P.2d 722, 727 (1988), where we stated that an injunction is the proper relief for an elected officer challenging the statutory sufficiency of a recall petition under § 2-16-615(2), MCA). Thus, we specifically declined to grant attorney fees to an elected officer petitioning for injunctive relief under the Montana Recall Act. *Braach*, ¶¶ 14-15.

¶16 In this case, the Elected Officers initially filed a petition for injunctive relief naming Jefferson County as the only respondent and requesting the District Court enjoin the impending recall election pursuant to § 2-16-615(2), MCA. Based on that pleading alone, the District Court could have enjoined the recall election after finding the petitions were statutorily deficient. Had that been the case, there is no question that the Elected Officers would not be entitled to their attorney fees. *See Braach*, ¶¶ 14-17. However, the Elected Officers amended their initial filing, adding Nemeth as a respondent and adding an action for declaratory judgment. Actions for injunction and declaratory judgment are often filed together, but the Montana Recall Act and our holdings in *Braach* and *Sheehy* specifically note that an action for injunction is the appropriate course for an elected officer to take under these circumstances. Injunctive relief under § 2-16-615(2), MCA, provides full protection to elected officers when recall petitions are statutorily insufficient. Moreover, *Braach* clearly establishes that attorney fees and costs are not

9

recoverable under the Montana Recall Act when an injunction is the requested avenue for relief. Accordingly, we cannot find that the equities support an award for attorney fees or costs under the UDJA in this case because full relief was available to the Elected Officers under the Montana Recall Act.

¶17 The Elected Officers contend the declaratory judgment action was necessary to protect their rights in their elected positions—that they needed the District Court to declare the documents invalid in order to ensure the same documents would not be utilized against them or anyone else in the future. However, the ultimate goal of the present action was to stop the pending recall election, an outcome made possible based on the Elected Officers' application for injunctive relief under the Montana Recall Act. We cannot conclude that the additional declaratory judgment action was necessary or proper to stop the recall election or to invalidate the documents to ensure against their future use. Even considering this additional argument, equity does not support awarding the Elected Officers the attorney fees and costs they requested under § 27-8-313, MCA. Under these circumstances, the Elected Officers were provided full relief from the filing of the insufficient recall petitions under the Montana Recall Act and our decisions interpreting § 2-16-615(2), MCA. Because we find equity does not support an award of attorney fees or costs, we end our inquiry and do not apply the tangible parameters test.

¶18 *2. Did the District Court abuse its discretion in concluding that the Elected Officers were not entitled to attorney fees or costs from Jefferson County under § 25-10-711(1)(b), MCA?*

¶19 Section 25-10-711(1)(b), MCA, provides that in any civil action brought against a political subdivision, the opposing party is entitled to certain enumerated costs and

10

reasonable attorney fees if the court finds that the political subdivision's defense was frivolous or pursued in bad faith. A defense is frivolous or pursued in bad faith if it is "outside the bounds of legitimate argument on a substantial issue on which there is a bona fide difference of opinion." *Western Tradition P'ship*, ¶ 10 (quoting *Ostergren v. Dept. of Revenue*, 2004 MT 30, ¶ 23, 319 Mont. 405, 85 P.3d 738) (internal quotations omitted). *See also Mont. Immigrant Justice Alliance*, ¶ 48.

¶20 The Elected Officers argue that Jefferson County is liable for their attorney fees and costs pursuant to § 25-10-711(1)(b), MCA. They allege that the County's position was outside the bounds of legitimate argument because the recall petitions and circulation sheets were invalid on their faces. Thus, they contend that the County's defense of the documents was unquestionably frivolous. The Elected Officers further argue that Jefferson County's refusal to resolve the issue before and during litigation was in bad faith.

¶21 Jefferson County responds, arguing that its position was not frivolous or pursued in bad faith. We agree with the County. Nemeth provided the recall petitions to Ramey for approval as is required by § 2-16-617(3), MCA. Ramey then consulted outside counsel to aid in determining whether the petitions were statutorily sufficient. Counsel assessed the petitions, noted various deficiencies, and suggested changes. Nemeth made the suggested changes and counsel approved the new documents. Ramey relied on counsel's certification that the petitions were statutorily sufficient when she permitted their filing. The District Court later found that the petitions and circulation sheets did not sufficiently comply with the statutory forms, indicating that counsel's analysis of the

11

documents was incorrect. However, when the Elected Officers challenged the documents' statutory sufficiency, the County justifiably relied on counsel's assessment. A party can act within the bounds of legitimate argument but also be incorrect. There is nothing in the record suggesting that the County acted outside the bounds of legitimate argument; it appears the County legitimately disputed the sufficiency of the documents. Further, settlement is not mandatory, and the District Court found no evidence that the County's refusal to settle with the Elected Officers was outside the bounds of legitimate argument. We accordingly find that the District Court did not abuse its discretion in denying the Elected Officers' request for attorney fees and costs under § 25-10-711(1)(b), MCA.

¶22    *3. Did the District Court err in concluding that the Elected Officers were not entitled to their costs from Nemeth under § 25-10-101(8), MCA?*

¶23    Section 25-10-101(8), MCA, provides that costs "are allowed, of course, to the plaintiff upon a judgment in the plaintiff's favor . . . in an action . . . for an injunction." The Elected Officers argue that they are entitled to costs from Nemeth, as a matter of course, under § 25-10-101(8), MCA, as they undisputedly prevailed in an action for injunctive relief. Nemeth responds that an injunction was never sought or granted against her and thus no legal basis exists for an award of costs against Nemeth. We agree with Nemeth. The Elected Officers requested the District Court to enjoin Jefferson County and its agents from proceeding with the recall election; the Elected Officers did not request any action by Nemeth to be enjoined. The District Court subsequently enjoined Jefferson County from holding a recall election, as is proper under § 2-16-615(2), MCA.

12

The District Court declared Nemeth's recall petitions and circulation sheets invalid, but did not enjoin her actions. Thus, we hold the District Court did not err in concluding that the Elected Officers were not entitled to their costs from Nemeth under § 25-10-101(8), MCA.

¶24 As a final point, we address the Elected Officers' allegation that the District Court's orders denying attorney fees, costs, and disbursements were insufficient because the orders did not contain specific findings of fact. A district court should provide adequate findings and conclusions to ensure this Court does not have to speculate as to the reasons for the district court's decisions. *Hansen v. Granite Cnty.*, 2010 MT 107, ¶ 57, 356 Mont. 269, 232 P.3d 409. The Elected Officers agreed that the District Court's decision regarding whether to award attorney fees and costs was a matter of law. The District Court made specific findings and conclusions in its order granting the Elected Officers' requests for injunctive relief and declaratory judgment. The court then correctly interpreted the law to establish that the Elected Officers were not entitled to attorney fees and costs. It would have been more prudent for the District Court to have better supported its reasoning, but in this case, where there is no legal authority upon which to grant the Elected Officers attorney fees and costs, we do not have to speculate as to the District Court's reasoning and conclude the District Court's orders sufficiently supported its conclusion.

## CONCLUSION

¶25 Equities do not support awarding the Elected Officers attorney fees and costs under the UDJA because the proper way to stop a recall election based on an insufficient

13

recall petition is to request an injunction pursuant to the Montana Recall Act.  Further, the Elected Officers are not entitled to attorney fees and costs under § 25-10-711(1)(b), MCA, because Jefferson County's defense was not frivolous or in bad faith.  We further conclude that the District Court properly denied the Elected Officers' request for costs against Nemeth under § 25-10-101(8), MCA, because the District Court did not enjoin Nemeth, it enjoined the County.  We therefore affirm the District Court's orders denying the Elected Officers attorney fees, costs, and disbursements.


/S/ LAURIE McKINNON


We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

14