FILED

04/21/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0275

DA 19-0275

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 95N

KURT and ALICIA KUBICKA,

      Plaintiffs, Appellants, and Cross-Appellees,

    v.

FRAZIER INDUSTRIES, INC., d/b/a Yacht Basin Marina,

    Defendant, Appellee, and Cross-Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV-2017-345
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

    For Appellants:

        David K.W. Wilson, Jr., Scott Peterson, Morrison Sherwood Wilson & Deola, PLLP, Helena, Montana

        Paul Haffeman, David, Hatley, Haffeman & Tighe, P.C., Great Falls, Montana

    For Appellee:

        Rick Pyfer, Keif Storrar, Jonathan King, Doubek, Pyfer & Storrar, PLLP, Helena, Montana

Submitted on Briefs:  February 26, 2020

Decided:  April 21, 2020

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kurt and Alicia Kubicka (Kubickas) appeal and Frazier Industries, Inc., d/b/a Yacht Basin Marina (Frazier) cross-appeals from the orders of the First Judicial District Court, Lewis and Clark County, entering judgment and awarding statutory damages in favor of the Kubickas, and denying the Kubickas' post-trial requests for equitable relief and attorney fees. We restate and address the following issues on appeal:

> *Issue One: Whether the District Court erred in entering judgment and awarding statutory damages in favor of the Kubickas.*
>
> *Issue Two: Whether the District Court abused its discretion in denying the Kubickas' post-trial motion for equitable relief, pursuant to § 30-14-133(1), MCA.*
>
> *Issue Three: Whether the District Court abused its discretion in denying the Kubickas' post-trial motion for attorney fees as the prevailing party under § 30-14-133(3), MCA.*

¶3 We affirm.

¶4 In May 2017, the Kubickas filed suit against Frazier seeking damages and equitable relief after Frazier terminated the Kubickas' boat slip at its Yacht Basin Marina located on Canyon Ferry Reservoir near Helena. A jury trial was held in March 2019. Kurt Kubicka testified that he was seeking "minimal" monetary damages and primarily wanted to continue using the boat slip at Frazier's marina.

2

¶5    At the conclusion of trial, the jury returned a verdict for the Kubickas. The verdict form contained the following questions:

1.    Have the Kubickas proved that Frazier Industries violated the Montana Consumer Protection Act?

ANSWER: "Yes"

.    .    .

2.    Did the violation of the Consumer Protection Act cause damage to the Kubickas?

ANSWER: "No"

¶6    Following the verdict, the Kubickas filed post-trial motions seeking entry of judgment and a $500 award of statutory damages; an award of equitable relief in the form of an order compelling Frazier to renew the Kubickas' boat slip at the marina; and an award of attorney fees of approximately $85,000. The District Court granted the Kubickas' request for entry of judgment and statutory damages, but denied the Kubicka's request for equitable relief and attorney fees. Both parties appeal.

¶7    A district court's entry of judgment implementing a jury verdict is a question of law reviewed de novo. *See Pac. Hide & Fur Depot v. Emineth Custom Homes, Inc.*, 2016 MT 114, ¶ 13, 383 Mont. 373, 373 P.3d 829. We do not speculate on appeal how the jury viewed the evidence or how it reached its verdict. *Pac. Hide*, ¶ 13.

¶8    We review a district court's decision regarding an award of equitable relief under § 30-14-133, MCA, of the Montana Consumer Protection Act (MCPA) for an abuse of discretion. *See Plath v. Schonrock*, 2003 MT 21, ¶¶ 12-13, 314 Mont. 101, 64 P.3d 984

(citing *Jarvenpaa v. Glacier Elec. Co-op., Inc.*, 1998 MT 306, ¶ 12, 292 Mont. 118, 970 P.2d 84).

¶9 Where legal authority exists to award attorney fees, we review a district court's order granting or denying attorney fees for an abuse of discretion. *Davis v. Jefferson Cty. Election Office*, 2018 MT 32, ¶ 8, 390 Mont. 280, 412 P.3d 1048; *Tripp v. Jeld-Wen, Inc.*, 2005 MT 121, ¶ 12, 327 Mont. 146, 112 P.3d 1018. An abuse of discretion occurs when a district court acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice. *Plath*, ¶ 13 (citations omitted).

¶10 *Issue One: Whether the District Court erred in entering judgment and awarding statutory damages in favor of the Kubickas.*

¶11 We first consider Frazier's cross-appeal, which raises the threshold issue of whether the Kubickas are entitled to entry of judgment and $500 in damages pursuant to § 30-14-133(1), MCA, following the jury verdict.

¶12 Section 30-14-133(1), MCA, provides, in relevant part:

A consumer who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by [§] 30-14-103[, MCA,] may bring an individual but not a class action under the rules of civil procedure . . . *to recover actual damages or $500, whichever is greater. . . .*

(emphasis added).

¶13 The jury found Frazier liable to the Kubickas while also finding that the Kubickas suffered no actual damages. Under the plain language of § 30-14-133(1), MCA, the jury's zero damage award triggered the Kubickas' right to the greater amount of $500.

4

*See Engellant v. Engellant (In re Estate of Engellant)*, 2017 MT 100, ¶ 11, 387 Mont. 313, 400 P.3d 218 ("A statute must be construed according to its plain meaning and if the language is clear and unambiguous then no further interpretation is required."). The District Court properly implemented the jury verdict by entering judgment and awarding $500 in statutory damages in favor of the Kubickas.

¶14     *Issue Two: Whether the District Court abused its discretion in denying the Kubickas' post-trial motion for equitable relief, pursuant to § 30-14-133(1), MCA.*

¶15     Section 30-14-133(1), MCA, provides that a district court in an individual consumer protection action "may, in its discretion, award up to three times the actual damages sustained and *may provide any other equitable relief that it considers necessary or proper.*" (emphasis added).

¶16     The Kubickas argue that the District Court erred when it declined to grant them equitable relief in the form of an order compelling Frazier to renew the Kubickas' boat slip agreement. We disagree.

¶17     The District Court provided two rationales for denying the Kubickas' requested equitable relief. First, the District Court observed that Frazier's termination of the Kubickas' boat slip was one of several theories argued at trial as to how Frazier's conduct violated the MCPA. The District Court reasoned that it could not determine upon which of these theories the jury based its verdict. Next, the District Court considered the jury's finding that the Kubickas suffered no actual damages as a result of Frazier's unlawful conduct. From these considerations, the District Court was unable to conclude whether requiring Frazier to renew the Kubickas' boat slip agreement was necessary or proper relief

5

under § 30-14-133(1), MCA. The District Court acted within its discretion in denying the Kubickas' post-trial request for equitable relief.

¶18    *Issue Three: Whether the District Court abused its discretion in denying the Kubickas' post-trial motion for attorney fees as the prevailing party under § 30-14-133(3), MCA.*

¶19    "Section 30-14-133(3), MCA, provides for the discretionary award of attorney fees in individual actions brought under [the MCPA] by stating 'the court may award the prevailing party reasonable attorney fees incurred in prosecuting or defending the action.'" *Plath*, ¶ 35.

¶20    The Kubickas assert on appeal that the District Court erred in denying them attorney fees under the MCPA by relying on "its own standard for when fees were appropriate." We disagree.

¶21    When a statute provides discretionary authority for a district court's award of attorney fees, the district court "may consider any factor which the parties offer or the court deems appropriate . . . ." *Billings High Sch. Dist. No. 2 v. Billings Gazette*, 2006 MT 329, ¶ 32, 335 Mont. 94, 149 P.3d 565. In this case, the District Court determined that even though the Kubickas were the prevailing party, the public policy considerations underlying the MCPA's attorney fee provision were not advanced by their case. *See generally Tripp*, ¶ 37 (discussing the MCPA's attorney fee provision in the context of the MCPA's general purpose, which "is to protect the public from unfair or deceptive practices" and "protect the monetary interests" of the "private litigants" that enforce the act) (citations and quotations omitted). Specifically, the District Court found "no evidence" that Frazier

6

"engaged in a pattern of wrong-doing" or that its conduct would continue in the future. The District Court also noted that Kurt Kubicka's trial testimony "downplayed" the significance of the Kubickas' damages and need for attorney fees in the case. The District Court's decision to not award the Kubickas attorney fees on these grounds were within its discretion under § 30-14-133(3), MCA.

¶22 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR