FILED

02/22/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0306

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0306

YELLOWSTONE COUNTY,

Plaintiff and Appellant,

v.

KENNETH HANNEN,

Defendant and Appellee.

FILED

FEB 2 2 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Appellant Yellowstone County (County) petitions for rehearing of this Court's January 18, 2022 Memorandum Opinion affirming the District Court's order denying the County's motion for summary judgment, its judgment on partial findings in favor of Kenneth Hannen, and its judgment awarding attorney fees and costs to Hannen. *Yellowstone County v. Hannen*, 2022 MT 16N. Appellee Hannen has responded in opposition.

The County raises three arguments. First, it claims that the Court disregarded the County's argument that its summary judgment motion presented only a question of law. Second, the County argues that the Court overlooked the testimonies of three of its witnesses and failed to analyze the certificates of survey in evidence. Finally, the County contends that the Court failed to address its argument that the District Court applied the wrong statute in awarding Hannen attorney fees and costs.

Hannen responds that the County's petition merely seeks to relitigate issues already decided by this Court. Citing *State ex rel. Bullock v. Phillip Morris, Inc.*, Hannen asserts that it is improper to "rehash arguments" contained in the parties' appellate briefs. DA 07-0299, 217 P.3d 475, 486 (Sep. 9, 2009).

This Court will consider a petition for rehearing only upon the following grounds:

(i) That it overlooked some fact material to the decision;

(ii) That it overlooked some question presented by counsel that would have proven decisive to the case; or

(iii) That its decision conflicts with a statute or controlling decision not addressed by the supreme court.

M. R. App. P. 20(1)(a).

Having fully considered the County's petition and Hannen's response, the Court concludes that rehearing is not warranted. The County's petition raises arguments it presented in its briefing and we considered in deciding the case. The County's argument that it was entitled to summary judgment because the existence of an easement is solely a "legal determination" was considered and rejected by the Court. *Hannen*, ¶¶ 7, 9. Summary judgment is warranted only if no genuine issue of material fact exists *and* the movant is entitled to judgment as a matter of law. M. R. Civ. P. 56. Regarding the County's second argument, the Court considered the entire record and the briefs and arguments the parties presented both before the District Court and on appeal. We have explained that Memorandum Opinions are purposefully brief because they are not precedential authority and rely on existing law. That does not mean, however, that the Court "overlook[ed] any material facts or arguments the parties raised or fail[ed] to address a controlling statute or decision that conflicts with the Opinion." *Ibsen v. Mont. State Bd. of Med. Exam'rs*, No. DA 21-0149, 2021 Mont. LEXIS 1048, at *2-3 (Dec. 21, 2021).

Finally, we did not overlook the County's argument regarding § 27-10-111, MCA. Established precedent shows that the Court has not applied that statute as the exclusive source of fees when a government entity is a party. *Western Tradition P'ship v. AG of Mont.*, 2012 MT 271, ¶ 11, 367 Mont. 112, 291 P.3d 545; *Davis v. Jefferson Cty. Election Office*, 2018 MT 32, ¶¶ 12-13, 16, 390 Mont. 280, 412 P.3d 1048. Though it may disagree, the County identifies no proper ground for rehearing under Rule 20.

IT IS THEREFORE ORDERED that the petition for rehearing is DENIED.

2

The Clerk is directed to provide a copy of this Order to all counsel of record.

DATED this 22ⁿᵈ day of February, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3